21 F.3d 421
 1994-1 Trade Cases P 70,575
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERICAN LIFEGUARD ASSOCIATION, INCORPORATED, Plaintiff-Appellant,
v.
The AMERICAN RED CROSS, a Congressionally Chartered
Membership Corporation; the American Red Cross, a
Congressionally Chartered Membership
Corporation, Loudoun County
Chapter,
Defendant-
Appellees.
AMERICAN LIFEGUARD ASSOCIATION, INCORPORATED, Plaintiff-Appellee,
v.
The AMERICAN RED CROSS, a Congressionally Chartered
Membership Corporation; The American Red Cross, a
Congressionally Chartered Membership Corporation, Loudoun
County Chapter, Defendants-Appellants.
AMERICAN LIFEGUARD ASSOCIATION, INCORPORATED, Plaintiff-Appellant,
v.
The AMERICAN RED CROSS, a Congressionally Chartered
Membership Corporation; the American Red Cross, a
Congressionally Chartered Membership
Corporation, Loudoun County
Chapter,
Defendant-
Appellees.
AMERICAN LIFEGUARD ASSOCIATION, INCORPORATED, Plaintiff-Appellee,
v.
The AMERICAN RED CROSS, a Congressionally Chartered
Membership Corporation; The American Red Cross, a
Congressionally Chartered Membership
Corporation, Loudoun County
Chapter,
Defendants-
Appellants.
 Nos. 92-2460, 92-2527, 93-1190, 93-1224.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1994.
Decided April 22, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-92-1145-A)
 Argued: James Paul Campbell, Campbell & Maslakowski, Leesburg, VA, for appellant.
 Michael S. Kelly, Morgan, Lewis & Bockius, Washington, D.C., for appellees.
 On Brief: Thomas J. O'Brien, Morgan, Lewis & Bockius, Washington, D.C.; Edward L. Wolf, Associate General Counsel, The American National Red Cross, Washington, D.C., for appellees.
 E.D.Va.
 REVERSED AND REMANDED.
 Before WILKINSON, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The question in this case is whether the district court abused its discretion by granting relief under Fed.R.Civ.P. 60(b) to a litigant which initiated, and then voluntarily dismissed, two separate antitrust actions against the same defendant. Because we find that the district court did err, we reverse its judgment and remand the case with directions to dismiss with prejudice.
 
 I.
 
 2
 On June 12, 1992, the American Lifeguard Association, Inc. ("ALA") filed suit in Loudoun County Circuit Court against the American Red Cross ("Red Cross") and one of its local chapters, alleging that the Red Cross and its chapter had violated several provisions of the Virginia Antitrust Act. The complaint sought temporary and permanent injunctive relief as well as $2 million in damages. One month later, on August 13, 1992, the ALA filed a second suit against the Red Cross in federal court, alleging similar violations of the Sherman Antitrust Act. Both complaints included four counts--illegal conspiracy or attempt to create a monopoly/oligopoly, illegal restraint of trade, illegal minimum or horizontal pricing, and illegal discriminatory pricing. On August 17, 1992, the Red Cross removed the Loudoun County action to federal court, although the two actions remained separate.
 
 
 3
 Later in August, the district court denied the ALA's claim for preliminary injunctive relief, and the Red Cross subsequently moved to dismiss the two suits under Rule 12(b)(6). In an attempt to avoid adverse judgment on the Rule 12(b) motions, the ALA submitted notices of voluntary dismissal in both cases. After submitting the dismissal notices to the court, the ALA sought a stipulation from the Red Cross that the dismissals would be without prejudice. The Red Cross refused to agree to such a stipulation, however, prompting the ALA to move the court for dismissal without prejudice in one of the two cases. The ALA did not challenge the dismissal with prejudice in the other action. At the same time, the ALA maintained that it would file a third action against the Red Cross after "refactoring" its pleadings. The Red Cross responded to the ALA's motion by contending that the so-called "two-dismissal" rule of Rule 41(a)(1)[1] required that the ALA's second dismissal be considered a final adjudication on the merits, thereby barring additional litigation on the antitrust claims.
 
 
 4
 The district court concluded that dismissal of the second case did indeed constitute an adjudication upon the merits. The court decided, however, to grant the ALA relief under Rule 60(b)(1), modifying its judgment from a dismissal with prejudice to a dismissal without prejudice. The court conditioned receipt of the Rule 60(b) relief on the ALA's payment of the Red Cross' attorney's fees and costs, and subsequently ordered the ALA to pay $10,000 in such fees.
 
 
 5
 Although both parties originally appealed the district court's holding, the ALA, in characteristic fashion, has voluntarily dismissed its appeal.[2] The Red Cross maintains that the district court erred by granting Rule 60(b) relief to the ALA and by limiting the Red Cross' fee recovery to $10,000. We find the Red Cross' first assignment of error to be dispositive of this case.
 
 II.
 Rule 60(b) states, in pertinent part, that
 
 6
 [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....
 
 
 7
 While Rule 60(b) serves the equitable purpose of allowing a party to reopen a case when justice so requires, the rule is not meant to eviscerate the finality of judgments where the reasons for further consideration are less than compelling. Accordingly, although it is within the sound discretion of district courts to award Rule 60(b) relief, see Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir.1989), they are not afforded free rein when granting such relief. In considering Rule 60(b) motions, district courts must be aware of the need for finality in litigation.
 
 
 8
 It is because of this need for finality that Rule 60(b) relief will be granted only where the moving party can demonstrate "exceptional circumstances." See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993). Perhaps the most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party. As the Supreme Court has noted, "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." Ackermann v. United States, 340 U.S. 193, 198 (1950) (discussing relief under Rule 60(b)(6)).
 
 
 9
 In the case at bar, counsel for the ALA made a tactical decision to voluntarily dismiss two cases in order to avoid adverse rulings on the Red Cross' Rule 12(b)(6) motions. The ALA perceived that arguing the Rule 12(b) motions would be a "waste [of] the Court's time" and recognized that its pleadings "would have to be corrected." Whether or not the ALA was aware that its decision would invoke Rule 41(a)(1)'s "two dismissal" provision, we cannot now relieve the ALA from its affirmative decision made during the course of litigation. Rule 60(b) is intended to protect parties neither from their lawyers' own negligence, see Counts v. Wang Labs., Inc. (In re Va. Information Sys. Corp.), 932 F.2d 338, 342 (4th Cir.1991); see also Lomas & Nettleton Co. v. Wiseley, 884 F.2d 965, 971 (7th Cir.1989), nor from the undesirable results that flow from a poorly chosen litigation strategy. See Ackermann, 340 U.S. at 198 ("Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision ... was probably wrong."); see also Chang v. Smith, 778 F.2d 83, 86 (1st Cir.1985) (same); Federal's, Inc. v. Edmonton Investment Co., 555 F.2d 577, 583 (6th Cir.1977) (same). This general principle is no less applicable to Rule 60(b)(1) than to the other provisions in 60(b). "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir.1986).
 
 
 10
 By granting the ALA relief from a final adjudication on the merits, which resulted solely from the ALA's deliberate choice to voluntarily dismiss both of its pending cases, the district court abused its discretion. The ALA chose its strategy and dismissed its suits; it cannot now revoke the effect of those dismissals in an attempt to revisit its original claims.
 
 III.
 
 11
 Because we find that the district court erred in granting Rule 60(b) relief to the ALA, we need not address the Red Cross' argument concerning the amount of attorney's fees the ALA must pay as a condition of that relief. Accordingly, the fees issue is moot.
 
 
 12
 For the foregoing reasons, the judgment of the district court is reversed, and we remand the case so that it may be dismissed with prejudice.
 
 
 13
 REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS WITH PREJUDICE.
 
 
 
 [1]
 Rule 41(a)(1) states, in pertinent part:
 Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 [2]
 The ALA had contended that the district court erred in its initial conclusion that the "two dismissal" rule would give rise to an adjudication on the merits and in its conditioning the Rule 60(b) relief on payment of the Red Cross' fees