Robert G. FOLLETTE, Executor of the Estate of Nancy C. Follette, Deceased, Appellee,

v.

NATIONAL TEA COMPANY, a corporation trading and doing business as LOBLAWS, Appellant.

No. 71-1341.

United States Court of Appeals, Third Circuit.

Argued March 16, 1972.

Decided May 15, 1972.

Eric P. Reif, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Theodore Goldberg, Arnold D. Wilner, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellee.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and VAN ARTSDALEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from a $10,500. jury verdict in favor of Appellee, Robert G. Follette, against Appellant, National Tea Company, a corporation trading and doing business as LOBLAWS (National). Subsequent to a bifurcated trial on November 25 and November 30, 1970 National moved for Judgment Notwithstanding the Verdict which was denied. The motion for judgment N.O.V. was predicated on the grounds that the verdict was (1) unsupported by the evidence, and (2) contrary to law.

There is no dispute that an accident occurred on July 12, 1966 at approximately 7:30 P.M. as appellee's decedent, Nancy C. Follette, was shopping in the produce and fruit section of National's supermarket on Center Avenue, Pittsburgh, Pennsylvania. Nancy C. Follette, who was 71 years old at that time, subsequently died on November 8, 1966 from causes unrelated to the personal injuries she suffered as a result of the accident. The trial judge so instructed the jury.

■ National contends that it was not negligent or that its negligence was not the proximate cause of the accident. Appellant further argues that decedent, Nancy C. Follette, was either negligent

or contributorily negligent. Ordinarily the issues of negligence, proximate cause and contributory negligence are left to a jury for its factual determination. We have examined the record and agree with Judge Weber's conclusion that "there was sufficient evidence on all the elements of liability to submit the case to the jury." It follows that the verdict also accords with the law.

■ Furthermore, appellant is in no position to challenge the order denying his motion N.O.V. National failed to move for a directed verdict at the end of plaintiff's case or at the conclusion of the entire case. Having neglected to do so, it is now foreclosed on this appeal from raising the issue of the sufficiency of the evidence. F.R.Civ.P., Rule 50(b). Massaro v. United States Lines Co., 307 F.2d 299, 303 (3d Cir. 1962); Beebe v. Highland Tank & Manufacturing Co., 373 F.2d 886 (3d Cir. 1967), cert. denied sub nom. National Molasses Co. v. Beebe, 388 U.S. 911, 87 S.Ct. 2115, 18 L.Ed.2d 1350 (1967).[1]

Appellant also contends that the $10,500. verdict was grossly excessive. This issue was not presented or argued before the trial judge. Appellant did not file a motion for a new trial based on this claim. National has not seen fit to furnish this court with a transcript or appendix containing the testimony relating to damages. Under the circumstances, we see no reason to give further consideration to this ground of appeal, which is based solely on appellant's cavalier conclusion that the verdict was grossly excessive.

The judgment will be affirmed.

1. See Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 132 (3d Cir. 1965), cited in Beebe, *supra.* In Little v. Bankers Life & Cas. Co., 426 F.2d 509, 511 (5th Cir. 1970) the court said:
"The reasons behind the rule are sound. For example, a litigant may not gamble on the jury's verdict and then later question the sufficiency of the evidence on appeal. * * * Similarly, the litigant who has not moved for a directed verdict in the trial court must have been of the view that the evidence made a case for the jury; he should not be permitted on appeal to impute error to the trial judge for sharing that view."