**James CHANG, Plaintiff, Appellant,**

**v.**

**William French SMITH, et al., Defendants, Appellees.**

**Nos. 85–1039, 85–1426.**

United States Court of Appeals, First Circuit.

Heard Sept. 10, 1985.

Decided Dec. 4, 1985.

Peter J. Satz with whom Paul E. Calvesbert, Jose Luis Ubarri and Calvesbert & Brown, San Juan, P.R., were on brief, for plaintiff, appellant.

Eduardo E. Toro Font, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for defendants, appellees.

Before BOWNES and TORRUELLA, Circuit Judges, and WISDOM,* Senior Circuit Judge.

WISDOM, Senior Circuit Judge:

James Chang, the plaintiff-appellant in this case, appeals the district court's denial of his motion under Fed.R.Civ.P. 60(b)(6)[1]

---

* Of the Fifth Circuit, sitting by designation.

**1.** Fed.R.Civ.P. 60(b) provides:
*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On

motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mis-

for relief from an order dismissing his case. He asserts that the gross neglect of his former counsel necessitates relief from the order. We find that the district court, 103 F.R.D. 401, did not abuse its discretion in denying the motion.

## I.

James Chang worked as an Immigration Inspector at the San Juan International Airport. On September 2, 1978, he refused to admit Ruth Lee-Cruz to Puerto Rico because she lacked sufficient funds to meet the requirements for admission to the United States. Ms. Lee-Cruz returned to her home in the Dominican Republic the next day.

On September 5th, Chang went to the Dominican Republic to inspect a ship bound for Puerto Rico. Chang, having learned Ms. Lee-Cruz's address while interviewing her in Puerto Rico three days earlier, went to her house with another inspector, Mario Vanegas. Ms. Lee-Cruz and a friend, Ms. Bau, accompanied the two inspectors back to Puerto Rico on the "World Renaissance", the ship the men had come to inspect. The women stayed at Chang's house in San Juan for a time, and Chang paid for their passage to Puerto Rico and their air fare back to Santo Domingo. Chang dated Ms. Bau during her two-month stay in San Juan.

The Immigration and Naturalization Service (I.N.S.), inferred that Chang had an affair with one or both of the women and discharged Chang for improper use of official information and conduct prejudicial to the service. A hearing officer of the Merit Systems Protection Board (MSPB or Board) reviewed the case and concluded that a 30-day suspension was a sufficient penalty. He ordered the I.N.S. to reinstate Chang. The I.N.S. appealed to the full Board, which concluded that Chang's dismissal had been proper.

Raul Barrera Morales, Chang's attorney before the MSPB, filed a complaint in the federal district court in Puerto Rico alleging that Chang had been dismissed because of his race and that the MSPB's decision was not based on substantial evidence. At about the same time, the Washington, D.C. law firm of Chapman, Duff & Paul filed an appeal in this Court that raised the same issues. Shortly thereafter, Chapman, Duff & Paul withdrew from the First Circuit case and Barrera Morales accepted a job with the government. Barrera Morales suggested that Chang retain attorney Scott Kalisch to pursue Chang's claims. Chang did so.

Kalisch entered an appearance in the case before this Court on November 16, 1981. By that time, the United States had filed a motion to dismiss, arguing that in "mixed" cases involving both a claim of discrimination and a claim of improper agency action, the district court has jurisdiction in the first instance. We agreed, and dismissed the case. *Chang v. Merit Systems Protection Board*, 677 F.2d 173 (1st Cir.1982).

take, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Kalisch, with the knowledge and approval of Chang, then entered an appearance in the district court action, and immediately took a voluntary dismissal by stipulation pursuant to Fed.R.Civ.P. 41(a)(1). At the same time, he filed a motion for reconsideration with this Court, pointing out that the district court action had been dismissed. We denied the motion in June 1982, by memorandum and order, on the ground that actions in the district court following the dismissal of an appeal cannot retroactively create appellate jurisdiction. Kalisch took no further action. He contends that he did not re-file the discrimination claim in the district court because it was frivolous. Review of the administrative decision was barred by the 30-day statute of limitations on appeals from the MSPB.

While Kalisch was handling Chang's case, he was experiencing troubles of his own. Kalisch was suspended for six months during 1983 for disregarding the instructions of one of his other clients. In August 1983, Kalisch was indicted for distributing cocaine; the charges were dismissed in November 1983, and Kalisch was readmitted to the federal bar in December. Chang asserts that he was not informed of the status of his case between June 1982 and December 1983. He suggests that Kalisch's personal problems preoccupied his lawyer and prevented him from attending to Chang's case.

After Kalisch told Chang sometime in December 1983 that the case was lost, Chang hired still another attorney to petition the district court for relief under Fed. R.Civ.P. 60(b)(6). The district court decided that Chang was not entitled to relief, primarily because his decision to take a voluntary dismissal in the district court was a strategic choice. Chang appeals that decision.

## II.

Rules 60(b)(1)–(5) allow a court to relieve a party from a final judgment on several grounds, including mistake, excusable neglect, newly discovered evidence, or fraud.[2]

Rule 60(b) has a residual provision that permits a court to grant relief from a final judgment for "any other reason justifying relief ...". Fed.R.Civ.P. 60(b)(6). Motions brought under Rules 60(b)(1)–(3) must be made within a year after the entry of judgment. All other motions must be made within a reasonable time. The decision whether to grant relief is committed to the sound discretion of the district court. *See Dankese v. Defense Logistics Agency*, 693 F.2d 13, 15 (1st Cir.1982).

Chang contends that his lawyer, Kalisch, was grossly negligent in failing to inform him that his case had been lost and in failing to take any action to reopen the case. He seeks relief under Rule 60(b)(6) from the voluntary dismissal to which Kalisch stipulated.

Motions brought under Rule 60(b)(6) will be granted only in extraordinary circumstances. *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir.1975); 11 C. Wright and A. Miller, *Federal Practice and Procedure* § 2864 at 219 (1973). The Supreme Court has held that relief under Rule 60(b)(6) is appropriate only if Rules 60(b)(1)–(5) do not apply. *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949). Although clause (1) of Rule 60(b) mentions neglect, when an attorney's neglect is gross and inexcusable courts have held that relief may be justified under Rule 60(b)(6). *See, e.g., Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 978 (3d Cir.1978); *United States v. Cirami*, 563 F.2d 26, 34–35 (2d Cir.1977); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235–36 (D.C.Cir.), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964).

Chang's allegation of gross neglect by Kalisch is based on the lawyer's failure to reopen the case. This Court, however, had no jurisdiction over the matter. Thus, even if Kalisch had petitioned for review, we would have been unable to grant Chang any relief. Chang's only hope was to file a motion in the district court under Rule

---

**2.** *See* footnote 1.

60(b)(1) for relief from the order dismissing his case. The motion would have alleged that Chang and Kalisch agreed to the voluntary dismissal because of excusable neglect or mistake. Kalisch never filed this motion. Moreover, he did not inform Chang of the status of the case until December 1983, eighteen months after the voluntary dismissal. At that point, the motion was barred by the one-year deadline in Rule 60(b).

The issue for this Court is whether Kalisch's failure to file a 60(b)(1) motion was such gross neglect that it may be characterized as an extraordinary circumstance requiring relief. A troubling threshold question is whether a party can avoid the one-year time limit on filing a 60(b)(1) motion by alleging that the failure to file the motion within one year amounted to gross neglect by his attorney justifying relief. We have found no case in which this contention was advanced.

We need not resolve the question, however. At a minimum, when a party moves for relief under 60(b)(6) alleging gross neglect of counsel in failing to file a 60(b)(1) motion, the party must show that it would have prevailed on the 60(b)(1) motion. Chang cannot make such a showing in this case.

The grounds for the 60(b)(1) motion could only have been mistake or excusable neglect. Chang's argument would have been that the decision to dismiss the case in the district court was made because of his lawyer's mistaken notion that such a dismissal could vest this Court with jurisdiction. The argument lacks merit, however, because Chang was aware of Kalisch's decision to seek a voluntary dismissal. The principle is well established that Rule 60(b) does not provide relief from "free, calculated [and] deliberate choices." *Ackerman v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207, 211 (1950). Rule 60(b) cannot be used to relieve a litigant from improvident strategic choices. *See Marshall v. Board of Education*, 575 F.2d 417, 424 (3d Cir.1978); *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.

1977); *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 651–52 (1st Cir.1972). Furthermore, ignorance or mistake of law is not a "mistake" for purposes of Rule 60(b)(1). *United States v. O'Neil*, 709 F.2d 361, 373 (5th Cir.1983). Nor is it "excusable neglect". *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.), *cert. denied*, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971). *See generally* 7 J. Moore & L. Lucas, *Moore's Federal Practice* ¶ 60.22[2] (2d ed. 1985); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2258 at 170 (1973).

### III.

Chang would not have prevailed had his lawyer filed a Rule 60(b)(1) motion. He cannot predicate his Rule 60(b)(6) motion on his lawyer's failure to file a futile motion. These are not extraordinary circumstances justifying relief. Therefore, the order of the district court denying Chang's motion is AFFIRMED.