Jerry KEITH and Connie Keith

v.

TRUCK STOPS CORPORATION OF AMERICA, John Doe or John Doe Inc.

Appeal of TRUCKSTOPS OF AMERICA CORPORATION.

No. 90–5031.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 30, 1990.

Decided July 24, 1990.

**744**

Stuart M. Goldstein, Clark, Ladner, Fortenbaugh & Young, Haddonfield, N.J., for appellant.

John P. Hogan, Michael P. Carroll, Hogan & Traynor, Morristown, N.J., for appellees.

Before HUTCHINSON, COWEN and SEITZ, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

This appeal is from post-judgment orders in a diversity action governed by New Jersey law. Plaintiffs Jerry and Connie Keith prevailed before a jury which found that negligence on the part of defendant, Truckstops of America, caused injury to Jerry Keith. The orders denied defendant's motion for a judgment notwithstanding the verdict and granted plaintiffs' motion to amend the judgment to include prejudgment interest. Truckstops appeals both orders.

I.

Defendant argues that the district court erred in not granting its motion for a directed verdict in the first instance and its subsequent motion for judgment notwithstanding the verdict.

As a preliminary matter, we note that the record in this case does not disclose that defendant made a directed verdict motion at the close of all the evidence, a prerequisite to our consideration of the issue of the sufficiency of the evidence. *See Mallick v. International Bhd. of Elec. Workers*, 644 F.2d 228 (3d Cir.1981); *Follette v. National Tea Co.*, 460 F.2d 254 (3d Cir.1972); *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129 (3d Cir. 1965); Fed.R.Civ.P. 50(b). However, defendant's counsel submitted an affidavit, in response to inquiries by this court, asserting that he made such a motion. Plaintiffs responded that they did not recall any such motion being made. While, at a minimum, the better practice would be for such motions to be made on the record, we will assume that such a motion was made. *See Follette*, 460 F.2d at 255; *Gebhardt*, 348 F.2d at 132–33.

We will therefore consider defendant's argument that the district court erred in denying its motions because the evidence was insufficient to support a case of negligence. A court uses the same stan-

dard in passing on a motion for a directed verdict as it uses in considering a JNOV motion, and our review of a district court's action on both motions is plenary. *See Smollett v. Skayting Dev. Corp.*, 793 F.2d 547, 548 (3d Cir.1986); *Gilpin v. Langan*, 789 F.2d 1034, 1037 (3d Cir.1986). A court must view the evidence in the light most favorable to the non-moving party, *see Kelly v. Matlack, Inc.*, 903 F.2d 978, 981 (3d Cir.1990); *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 372 (3d Cir.1987) (JNOV); *Macleary v. Hines*, 817 F.2d 1081, 1083 (3d Cir.1987) (directed verdict), and determine whether "the record contains the 'minimum quantum of evidence from which a jury might reasonably afford relief'", *Smollett*, 793 F.2d at 548 (quoting *Denneny v. Siegel*, 407 F.2d 433, 439 (3d Cir.1969)).

■ In negligence cases under New Jersey law, a plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries. *Brown v. Racquet Club of Bricktown*, 95 N.J. 280, 471 A.2d 25, 29 (1984). The proprietor of a business "owes a duty of reasonable care to those who enter the premises upon [an] invitation [for business purposes] to provide a reasonably safe place to do that which is within the scope of the invitation." *Butler v. Acme Mkts., Inc.*, 89 N.J. 270, 275, 445 A.2d 1141, 1143 (1982).

■ We now consider the evidence in the light most favorable to plaintiffs. Plaintiff Jerry Keith had taken his truck to the Truckstops facility to be serviced. As he was closing the hood on his truck after the servicing had been completed, he put one foot on top of the stairway that led down into the grease pit under his truck. When he did so, the stairway collapsed under him, causing him to fall into the pit and land on top of the stairway. He did not know what caused the stairway to fall.

Defendant maintains that since plaintiffs provided no explanation of what caused the stairway to fall, there is no direct evidence of negligent conduct or wrongdoing on its part.

There was, however, evidence that plaintiff was injured when he fell into defendant's grease pit; that the stairway leading down into the grease pit had been dislodged and was found lying at the bottom of the pit shortly after the accident; that the 200–pound metal stairway could only be moved by lifting it up off the bracket which secured it to the wall; that the normal position of the stairway when it was properly anchored was with the top step several inches below the surrounding concrete and that in the anchored position it would not have fallen; that when plaintiff stepped onto the stairway to close his hood it was level with the surrounding concrete; that the stairway was moved routinely by the mechanics in order to clean the work area at the end of a shift; that the service area was off limits to the general public; and that it was defendant's practice to permit owners access to the service area to close the hoods of their trucks after servicing.

There is no direct evidence as to how the stairway became dislodged. However, there was circumstantial evidence from which a jury could reasonably conclude that defendant was negligent in failing to maintain its premises in a reasonably safe condition for a business invitee. Thus, the jury could have inferred that the heavy steel stairway was not properly secured at the time and collapsed under plaintiff at a position where he was permitted to be. We, therefore, conclude that the district court correctly denied defendant's motion for a directed verdict and defendant's motion for judgment notwithstanding the verdict.

II.

Defendant next challenges the district court's order granting plaintiffs' motion to correct the judgment by the addition of prejudgment interest. The district court order entering judgment in favor of plaintiffs was docketed on August 15, 1989. On October 4, 1989, more than 10 days after judgment, plaintiffs served defendant with "Notice of [a] Motion to Amend the Judgment." *See* Fed.R.Civ.P. 59(b). Plaintiffs' motion stated that it was brought under

Fed.R.Civ.P. 60(a)[1] and sought the addition of prejudgment interest to the judgment award. The district court granted the motion, awarding prejudgment interest based upon New Jersey Civil Practice Rule 4:42–11(b) in an order entered on December 7, 1989. *See Salas by Salas v. Wang*, 846 F.2d 897, 909 n. 13 (3d Cir.1988) (district court should apply New Jersey prejudgment interest rule in diversity actions applying New Jersey law under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Defendant's notice of appeal was filed on January 4, 1990.

At the outset we must determine whether the district court's order of December 7, 1989 is appealable. In the circumstances of this case it is critical to examine the content of that order. We note that the effect of the order was to add a significant amount to the earlier judgment.

■ An order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed. *See F.T.C. v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952); *Charles v. Daley*, 799 F.2d 343 (7th Cir.1986); *Harrell v. Dixon Bay Transp. Co.*, 718 F.2d 123 (5th Cir.1983); *cf. Gila River Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966); *see also* R. Stern, E. Gressman & S. Shapiro, Supreme Court Practice (6th ed. 1986). The test for whether a change is sufficient to begin anew the time for appeal "is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Minneapolis–Honeywell*, 344 U.S. at 212, 73 S.Ct. at 249. Given the substantial increase in the judgment by the district court's order awarding prejudgment interest, we have no doubt that such a change was substantive and was sufficient to produce a new judgment.

Defendant filed a timely notice of appeal within 30 days of that judgment, *see* Fed.R. App.P. 4(a), and thus we find the district court's order reviewable under 28 U.S.C. § 1291 (1988).

■ We now consider whether the district court had power to grant plaintiffs' motion to add prejudgment interest. If the motion here involved was properly made under rule 60(a), it would have been timely because that rule permits correction of a judgment "at any time." However, if the motion is to be treated as having been made under Fed.R.Civ.P. 59(e)[2] it was untimely because it was served more than 10 days after entry of the judgment.

We need not tarry on the issue of which rule governs because the Supreme Court held, in *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), that a post-judgment motion for discretionary prejudgment interest constitutes a rule 59(e) motion to alter or amend the judgment, which must be served within 10 days. 109 S.Ct. at 992; *see also Rosen v. Rucker*, 905 F.2d 702, 705 (3d Cir.1990).

In response to inquiries by this court, plaintiffs assert that the award of prejudgment interest under New Jersey Civil Practice Rule 4:42–11(b) is mandatory and therefore is outside the explicit holding of *Osterneck*. The New Jersey rule provides in pertinent part:

> Except ... as otherwise provided by law, the court shall, in tort actions, ... include in the judgment simple interest, ... provided that in exceptional cases the court may suspend the running of such prejudgment interest. N.J.Civ.Practice R. 4:42–11(b) (West 1989).

The quoted language of the rule contains an explicit discretionary component, permitting courts to deny interest in "exceptional

---

**1.** Rule 60(a), providing for the correction of "clerical mistakes," states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

**2.** Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

cases." Indeed, the New Jersey Supreme Court has described the rule as discretionary, stating:

[T]he original mandatory terms of the Rule were amended precisely for the reasons set forth by Judge Conford [who] urged that the application of prejudgment interest be left to the sound discretion of the trial court. As R. 4:42–11(b) now stands, the exercise of that discretion is to be guided essentially by the ... policies which gave birth to the Rule. *Kotzian v. Barr*, 81 N.J. 360, 408 A.2d 131, 133 (1979) (citations omitted).

*See also Salas*, 846 F.2d at 908–09; *Pavoll v. Island Petroleum*, 204 N.J.Super. 99, 497 A.2d 919 (1985).

Thus, we *conclude* that, because the award of prejudgment interest under New Jersey Civil Practice Rule 4:42–11(b) is discretionary, plaintiffs' motion seeking such interest constituted a rule 59(e) motion. In consequence, the district court could not properly treat it as a rule 60(a) motion. Since the motion was served more than 10 days after judgment, it was an untimely rule 59(e) motion and the district court was without power to entertain it. Therefore, the order based thereon cannot stand.

### III.

The district court's order denying defendant's motion for judgment notwithstanding the verdict will be affirmed. The district court's order granting plaintiffs' motion to correct the judgment by the addition of prejudgment interest will be reversed.