Michael A. Ferrara, Jr., Ferrara & Waldman, PC, Cherry Hill, NJ, for plaintiff Peter J. Thompson.

John E. Keale, William A. Carpenter, Jr., Carpenter, Bennett & Morrissey, Newark, NJ, for defendants Toyota Motor Corp. and Tokai Rika Co., Ltd.

Peter J. **THOMPSON** and Christopher D. **THOMPSON**, Plaintiffs,

v.

**TOYOTA MOTOR CORP.,** et al., Defendants.

Civ. No. 90–4579 (SSB).

United States District Court, D. New Jersey.

June 17, 1994.

## OPINION

BROTMAN, Senior District Judge.

Before the Court is Plaintiffs' motion to vacate the entry of judgment pursuant to Fed.R.Civ.P. 60(b) in order to permit Plaintiffs' application for pre-judgment interest. For the following reasons, the motion is denied.

### I. Background

This case was tried to a jury in January and February of this year and resulted in a verdict in favor of Plaintiffs in the amount of $4,025,000. This Court entered a judgment

in that amount—and without interest—on February 4, 1994. Plaintiffs' counsel, apparently acting on the mistaken belief that pre-judgment interest should have automatically been added to the judgment, filed a motion under Fed.R.Civ.P. 60(a) to correct what he erroneously presumed to be a clerical error.

Subsequently, Plaintiffs' counsel discovered that Fed.R.Civ.P. 59(e), and not Rule 60(a), governs post-judgment motions for pre-judgment interest made pursuant to N.J. Court Rule 4:42–11(b). *Keith v. Truck Stops Corp. of America*, 909 F.2d 743 (3d Cir. 1990).[1] The ten-day period for filing a Rule 59(e) motion having expired by this time, counsel withdrew the Rule 60(a) motion and in its stead filed a motion to vacate the entry of judgment under Fed.R.Civ.P. 60(b).[2] (Vacating the judgment, counsel reasons, would allow the Court to consider Plaintiffs' entitlement to pre-judgment interest and enter a new judgment for an increased amount if such interest is deemed warranted.)

## II. Discussion

The question before the Court is whether an untimely Rule 59(e) motion for discretionary prejudgment interest may properly be treated as a Rule 60(b) motion. It is initially noted as a general matter that other courts, acknowledging the "functional similarity between the rules," have treated Rule 59(e) motions as Rule 60(b) motions (and vice versa) in certain circumstances. *See Jackson v. Schoemehl*, 788 F.2d 1296, 1298 (8th Cir. 1986) (construing motion to set aside dismissal of case—filed under Rule 60(b)(1) on grounds of excusable neglect—as motion to alter judgment under Rule 59(e)); *Snowden v. D.C. Transit System, Inc.*, 454 F.2d 1047 (D.C.Cir.1971) (construing motion to reduce judgment liability—filed under 59(e) on grounds that trial court failed to set off judgment by amount of partial settlement reached during trial—as Rule 60(b)(5) motion).

On the other hand, the Third Circuit has held that courts may not use Rule 60(b) to vacate and refile a judgment in order to relax otherwise unextendable time periods. *See West v. Keve*, 721 F.2d 91, 96–97 (3d Cir. 1983) (addressing time periods under Fed. R.App.P. 4).

Furthermore, in *Keith*, 909 F.2d 743, the Third Circuit, while not explicitly rejecting the use of Rule 60(b) to save otherwise tardy prejudgment interest petitions, effectively acknowledged the rule's inapplicability in such a context. The *Keith* court reversed an award of pre-judgment interest made on a motion filed more than ten days after the judgment had been entered, holding that the request for interest, improperly filed under Rule 60(a), had to be treated as an untimely Rule 59(e) motion. 909 F.2d at 746–47. While almost certainly aware of other circuits' limited practice of treating Rule 59(e) and 60(b) motions interchangeably, *e.g.,* *Snowden*, 454 F.2d 1047, the Third Circuit in *Keith* notably refrained from doing so, holding that "the district court was without power to entertain" the motion. 909 F.2d at 747. Indeed, this Court is aware of no judicial

---

1. The *Keith* court provided in relevant part:

   We need not tarry on the issue of [whether Rule 59(e) or Rule 60(a)] . . . governs because the Supreme Court held, in *Osterneck v. Ernst & Whinney*, 489 U.S. 169 [109 S.Ct. 987, 103 L.Ed.2d 146] . . . (1989), that a post-judgment motion for discretionary prejudgment interest constitutes a rule 59(e) motion to alter or amend the judgment, which must be served within 10 days. . . .

   · · · · · ·

   [New Jersey Civil Practice Rule 4:42–11(b)] contains an explicit discretionary component, permitting courts to deny interest in "exceptional cases.". . . .
   Thus, we conclude that, because the award of prejudgment interest under . . . Rule 4:42–11(b) is discretionary, plaintiffs' motion seek-

   ing such interest constituted a rule 59(e) motion. In consequence, the district court could not properly treat it as a rule 60(a) motion. 909 F.2d at 746–47.

2. Plaintiffs' counsel contends that the instant relief sought falls under Rule 60(b)(1), which allows the court to relieve a party from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Unlike the ten day limitation under Rule 59(e), motions under 60(b)(1) are allowable within a "reasonable time" but not more than one year after judgment was entered.

   While the brunt of their argument relates to Rule 60(b)(1), Plaintiffs alternatively seek relief under Rule 60(b)(6), a catchall provision which allows courts to vacate judgments for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(6).

decision that has granted Rule 60(b) relief in the specific context of pre-judgment interest applications.

To the contrary, other courts have expressly rejected litigants' attempts to use Rule 60(b) in order to circumvent the Rule 59(e) time limitation, at least one in the specific context of pre-judgment interest. In that case, *Larsen v. International Business Machines Corp.*, 87 F.R.D. 602 (E.D.Pa. 1980), the plaintiff moved for pre-judgment interest under Rule 60(b) after the time for moving under Rule 59(e) had expired. The court denied the motion as untimely, holding that a litigant "may not avoid the time limitation imposed by Rule 59(e) by filing his motion pursuant to Rule 60(b)." *Id.* at 604–05; *see also PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) (holding similarly).

In these cases, however, the courts noted that no "exceptional" or "extraordinary" circumstances had been shown to otherwise justify relief under Rule 60(b). *See Larsen*, 87 F.R.D. at 604; *PRC Harris*, 700 F.2d at 898. Thus the decision in the instant matter must also be informed by whether Plaintiffs are able to show circumstances warranting the relief they seek under Rule 60(b).

As noted above, Plaintiffs contend that their counsel's failure to have sought pre-judgment interest sooner was the product of "mistake, inadvertence, surprise, or excusable neglect" and thus is properly filed under Rule 60(b)(1) despite the normal propriety of filing under Rule 59(e). Plaintiffs cite no precedents in which counsel's inadvertent failure to move under Rule 59(e) for discretionary pre-judgment interest was held to justify proceeding under Rule 60(b)(1). Rather, they analogize their situation to other cases such as *A.F. Dormeyer Co. v. M.J. Sales & Dist. Co.*, 461 F.2d 40, 42–43 (7th Cir.1972), where the court held that counsel's

mistaken failure to file an answer in accordance with a local rule—which failure resulted in the entry of a default judgment against counsel's client—constituted a sufficient reason to vacate judgment under Rule 60(b)(1). Factors contributing to this holding included (1) the fact that counsel's error stemmed from his good faith reliance on procedures adhered to in his home state (but not applicable in the forum state); (2) that courts have uniformly held that rules governing the setting aside of default judgments should be broadly construed; and (3) that courts should be reluctant to attribute to parties the errors of their counsel. *Id.*

In the instant case, Plaintiffs allege that their counsel's failure to apply for pre-judgment interest at the appropriate time and under the appropriate rule stemmed from his misplaced reliance on New Jersey state court practice, where interest is automatically added to a tort judgment.[3] Plaintiffs thus contend that their counsel's error is analogous to that occurring in *A.F. Dormeyer* and accordingly warrants relief under Rule 60(b).

Unfortunately for Plaintiff, several factors weigh against granting Rule 60(b) relief in this case. First, the facts underlying the instant motion are less sympathetic than those underlying *A.F. Dormeyer*. While both involve claims of good faith reliance on local procedures, in the instant case, upon his receipt of the Judgment on February 8, 1994, Plaintiff's counsel was effectively put on notice that federal practice differed in regard to the awarding of pre-judgment interest. Counsel at that point in time had six days remaining to timely file a Rule 59(e) motion; reasonable investigation during that time period would have revealed to counsel the necessity of promptly filing such a motion.[4]

Second, numerous circuit decisions run contrary to the result achieved in *A.F. Dormeyer*, implicitly suggesting that *A.F. Dor-*

---

3. No affidavits or certifications were submitted to the Court in verification of counsel's proffered excuse. Rather, the explanation is derived from the unsworn assertions contained in Plaintiffs' brief. While not properly presented to the Court, the information will nonetheless be considered for its merits in order to reach a substantive conclusion in regard to the motion at hand.

4. An additional distinction between the instant case and *A.F. Dormeyer* is that the latter involved a default judgment, relief from which, as noted above, is historically granted with some level of leniency. No similar convention exists in regard to the awarding of discretionary pre-judgment interest.

*meyer* should be confined to its facts. For example, several courts in recent years have reaffirmed the longstanding principle that an attorney's ignorance, carelessness, or mistake of law do not present grounds for relief under Rule 60(b). *See Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (holding such conduct not cognizable grounds for relief); *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir.1985) (holding attorney's ignorance or mistake of law neither "mistake" nor "excusable neglect" for Rule 60(b)(1) purposes).[5]

## III.  Conclusion

The Court finds (1) that a clear trend exists against allowing the use of Rule 60(b) to circumvent the Rule 59(e) time limitation, and (2) that Plaintiff has not established the existence of "exceptional" or "extraordinary" circumstances sufficient to justify Rule 60(b) relief in this case. Accordingly, the motion will be denied.

---

**5.**  The Court notes that the *Evans* holding extends to Rule 60(b) in general, and not merely to Rule 60(b)(1). Thus the conduct of Plaintiffs' counsel would neither entitle Plaintiffs to relief under Rule 60(b)(6), which they have proffered as alternative grounds for relief. Even without *Evans'* broad sweep, the Court would not be inclined to characterize counsel's conduct as grounds for Rule 60(b)(6) relief, inasmuch as conduct largely analogous to that of Plaintiffs' counsel has been considered and rejected by other courts in the context of Rule 60(b)(1). *E.g., Chang*, 778 F.2d 83.