**Jacob BOYCE and Roseann Boyce, Plaintiffs,**

v.

**EDIS COMPANY and Bellevue Holding Company, Defendants and Third-party Plaintiffs,**

v.

**Falcon Steel Company, Third-party Defendant.**

**No. CIV.A.98–386–SLR.**

United States District Court, D. Delaware.

Sept. 30, 2002.

Debra C. Aldrich, Doroshow, Pasquale, Krawitz, Siegal & Bhaya, Wilmington, DE, for Plaintiffs.

Gary H. Kaplan, Goldfein & Joseph, Wilmington, DE, James F. Bailey, Jr., Bailey & Wetzel, P.A., Wilmington, DE, for Defendants.

## MEMORANDUM ORDER

ROBINSON, District Judge.

## I. INTRODUCTION

In July 1998, plaintiffs Jacob Boyce and Rosann Boyce filed this diversity action for damages resulting from a construction site accident. (D.I.1, 90) Jacob Boyce, an ironworker, was working on an open steel framing installing bolts when his crew was called down for a morning break. As he walked along a beam to go down to a lower level, he lost his balance and fell backwards approximately 13 feet to the metal decking below. Boyce did not have fall protection equipment that he could have used to prevent him from being injured in the event that he lost his balance.

Plaintiffs filed a complaint against EDIS and Bellevue ("defendants"), managers of the construction site. Defendants filed a third-party complaint against Falcon Steel Company,[1] Jacob Boyce's employer, for indemnification. (D.I.9, 104)

A five-day jury trial was held in December 2001. Defendants moved for a directed verdict and the court reserved judgment. After deliberation of less than two hours, the jury returned a verdict in favor of Jacob Boyce for $1,775,000.00 and $500,000.00 for Rosanne Boyce on her consortium claim. (D.I.133) The jury found in favor of EDIS and Bellevue on its third-party claim and found Falcon Steel responsible for 50% of the damages. Judgment[2] was entered on December 20, 2001. (D.I. 147) Defendants moved for judgment as a matter of law pursuant to Federal Rules of Civil Procedure 50, and for a new trial or remittitur pursuant to Rule 59. (D.I.140, 141) For the reasons that follow, defendants' motion for judgment as a matter of law is denied and the motion for new trial is denied conditioned upon plaintiffs' acceptance of a remittitur of the consortium claim.

## II. STANDARD OF REVIEW

Reviewing a verdict under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law requires that the court consider the evidence in the light most favorable to the nonmoving party and afford the nonmoving party the benefit of all logical inferences. *Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 745 (3d Cir.1990); *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991). The movant has a difficult burden. *Id.* A post-verdict motion for judgment as a matter of law "should be granted only where there is no legally sufficient basis for a reasonable jury to have found for the nonmoving party." *See Price v. Delaware Dept. of Correction*, 40 F.Supp.2d 544, 549 (D.Del.1999). Further, if the "record contains the minimum quantum of evidence from which a jury might reasonably afford relief then the reviewing court must deny the motion." *Keith* 909 F.2d at 745 (quoting *Smollett v. Skayting Dev. Corp.*, 793

1. Since defendants and third-party defendants present similar arguments, for simplicity purposes, they shall be referred to collectively as "defendants".

2. Judgment was entered incorrectly. The jury award when combined equals $2,275,000.00. (D.I. 156; B–29—B–36)

F.2d 547, 548 (3d Cir.1986)). Importantly, even though a reviewing court may have reached a different conclusion based on the evidence, the court cannot take over the jury's role as fact finder. *See Newman v. Exxon Corp.*, 722 F.Supp. 1146, 1147 (D.Del.1989), *affirmed* 904 F.2d 694 (3d Cir.1990). The difference in views between court and the jury is an insufficient basis to enter judgment as a matter of law. *Garrison v. Mollers North America*, 820 F.Supp. 814, 818–19 (D.Del.1993).

■ Defendants submit several arguments for a judgment as a matter of law. (D.I.140, 141) First, they argue that the verdict ignored evidence that plaintiff was the proximate cause of his own injuries, and as such was at least comparatively negligent. Plaintiffs presented evidence at trial that a reasonably prudent employer would have provided safety equipment to an employee both at his specific work site and for traversing the steel frame to and from his specific work site. Defendants had the opportunity to present evidence to the contrary. By its verdict, the jury accepted plaintiffs' standard of care and reasonably concluded therefrom that the defendants' failure to provide adequate fall protection caused the injuries he suffered.[3] Further, defendants' argument for a superseding instruction charge is without merit since a request for this instruction was never made nor was there evidence presented of third-party involvement to warrant the charge. There was evidence presented regarding the contractual relationship among the defendants such that the jury's finding on indemnification must stand. Finally, defendants' arguments regarding plaintiffs' counsel's closing argument are a mischaracterization of the record.

■ Defendants alternatively move for a new trial arguing that the jury's verdict was against the weight of the evidence. The decision to grant a new trial rests entirely within the sound discretion of the trial court. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The trial court should proceed cautiously "where the ground on which the new trial is sought is that the jury's verdict was against the great weight of evidence, ... since whenever a new trial is granted on this ground, the judge has necessarily substituted his or her judgment, at least to some extent, for that of the jury." *Price*, 40 F.Supp.2d at 550. A new trial may be granted pursuant to R. 59 "to any party on all or part of the issues in an action in which there has been a trial by jury." *Kidd v. Commonwealth of Penn. Bureau of Liquor Control Enforcement*, 2001 WL 1159770 (E.D.Pa.2001) at 1. Among the reasons for granting a new trial pursuant to R. 59(a) are the weight of evidence is against the verdict and the damages were excessive. *Price*, 40 F.Supp.2d at 550; *See Williamson v. Consolidated Rail Corp.*, 926 F.2d at 1353 (new trials based on the sufficiency of evidence should only be granted where the verdict resulted in a miscarriage of justice or the verdict shocks the court's conscience).

Under this standard, the court does not find that the verdict was against the clear weight of evidence to warrant a new trial. Similarly, the amount of time the jury spent deliberating is irrelevant and does not prove they were capricious or misguided by sympathy or passion. *See Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 983 (3d Cir.1972).

■ Turning to the damages, generally, "remittitur is employed when a damage award is 'intrinsically excessive in the sense of being greater than the amount a

---

**3.** Defendants' conduct was not alleged to be proximate cause of plaintiff's fall.

reasonable jury could have awarded, although the surplus cannot be ascribed to a particular quantifiable error.'" *Price* 40 F.Supp.2d at 551, quoting *Datskow v. Teledyne Continental Motors Aircraft Products*, 826 F.Supp. 677, 690 (W.D.N.Y.1993). However, remittitur cannot be imposed unilaterally. Instead,

> the court may condition a denial of the motion for new trial upon the filing by the plaintiff of a remittitur in a stated amount. In this way the plaintiff is given the option of either submitting to a new trial or of accepting the amount of damages that the court considers justified.

*Price*, 40 F.Supp.2d at 551. Remittitur is appropriate when "a properly instructed jury hearing properly admitted evidence makes an excessive award." *Shu–Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 49 (2d Cir.1984).

■ Applying this standard, the court finds the damage award for Jacob Boyce

reasonable and supported by the record. Specifically, the defense presented no proof to contradict several physicians, a vocational expert and an economist. Instead, the defense relied on cross-examination of plaintiffs' witnesses to make their case. Although the defense tactic of not presenting witnesses may have been used to prevent setting an economic floor thereby giving the jury a high/low range, it resulted in a one-sided presentation that supports the jury's verdict.

Further, the jury was appropriately charged that they were permitted to award several (different) elements of damages, including: 1) pain and suffering;[4] 2) disability and impairment;[5] 3) medical bills;[6] and 4) future earnings loss.[7] Combined the $1,775,000.00 award, no matter how arrived, was based upon uncontradicted and significant proofs. The jury could have awarded compensation for several items and for several severe and permanent injuries and limitations.

---

**4.** The unrefuted evidence included several serious injuries. First, a severely fractured right wrist which was comminuted. (D.I. 156, B–87 to B–88) At least one and possibly more surgeries are necessary. Second, damage to the median nerve at the wrist a/k/a carpal tunnel syndrome. Injections and therapy are treatments with surgery possibly in the future. (*Id.* at B–88) Third, a back injury involving a "burst fracture" to his mid-back T–12 vertebrae. (*Id.* at B–83, B–84, B–86, B–94 to B–111) Despite a lengthy surgery which failed to repair radiculopathy, there was evidence of a permanent weakness in both legs along with labored breathing. (*Id.* at B–99, B–100, B–109, B–121) Surgery could not correct "kyphosis," an abnormal spinal curvature, so plaintiff is left with a humpback and inability to stand completely upright. (*Id.* at B–105) Plaintiff likewise suffers with permanent facet joint pain and abdominal bloating and stomach discomfort. These several injuries, severe and permanent, support a significant pain and suffering award.

**5.** Mrs. Boyce's testimony provided significant evidence to justify a large award for her hus-

band's disability and impairment, impacting on the quality of life. (*Id.* at B–79, B–80) For example, she testified that Mr. Boyce's ability to care for his home, repairs and lawn maintenance, are all but gone. He can no longer help her with grocery shopping nor attend the social events she described as a regular part of their lives. (*Id.* at B–72, B–73, B–76, B–77, B–80, B–85, B–86) His ability to interact with his grandchildren is likewise limited and he cannot work or hunt. (*Id.* at B–79, B–80) His intimate relationship with his wife is similarly affected. (*Id.* at B–78, B–79) These limitations were unchallenged and provide a solid basis for a significant award for this separately compensable award. (*Id.* at B–81)

**6.** The amount of medical bills, $123,500.00 went unopposed except on the proximate cause ground. (*Id.* at B–53) The same is true with the future earnings loss range of $975,000.00 to 1,049,000.00. (*Id.* at B–125, B–133; B–135 to B–145)

**7.** *See* footnote 6.

Regarding Rosann Boyce, the court takes a different view and consistent with the above authority, will deny the motion for new trial on the condition that the plaintiffs accept a remittitur of Mrs. Boyce's consortium claim. Although Mrs. Boyce was a credible and sympathetic witness, her testimony cannot justify a $500.000.00 award. Significantly, Mrs. Boyce did not testify to currently caring for her husband by changing or feeding him, being up all night to monitor him or performing incredibly burdensome tasks— things she did for him following his surgery. While her life is permanently affected and she has lost the type of relationship they once enjoyed, she did not testify to being unable to communicate, travel or enjoy the company of her husband. To award her close to the non-economic award that her husband received is not justified. *Compare Tormenia v. First Investors Realty Co., Inc.*, 251 F.3d 128, 138 (3d Cir. 2000). The court finds an award of $250,000.00 more appropriate and will allow the plaintiffs an opportunity to consider whether to accept the remittitur.

## III. CONCLUSION

For the reasons stated, at Wilmington this 30th day of September, 2002;

IT IS ORDERED that:

1. Defendants' motions for judgment as a matter of law are denied. (D.I. 140, 141)

2. Defendants' motion for new trial is denied conditioned upon the plaintiffs' acceptance of the court's remittitur of plaintiff Roseann Boyce's consortium claim to $250,000.00 by October 15, 2002.