

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# Fetterolf v. Harcourt Gen Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-2960

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fetterolf v. Harcourt Gen Inc" (2003). *2003 Decisions*. Paper 546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

02-2960

———————

BARRY R. FETTEROLF,

Appellant

v.

HARCOURT GENERAL, INC.;
HARCOURT INC., T/A HARCOURT
COLLEGE PUBLISHERS,
HARCOURT COLLEGE PUBLISHING,
SCIENCE AND MATH GROUP

——————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

——————————

(D.C. Civ. No. 01-cv-01112)
District Judge:  The Honorable James T. Giles

Submitted Under Third Circuit Rule 34.1(a)
April 10, 2003

Before:  ALITO and FUENTES, Circuit Judges, and  PISANO, District Judge[*]

(Filed: May 19, 2003)

_____

[*]The Honorable Joel A. Pisano, United States District Judge for the District of New Jersey, sitting by designation.

OPINION

Per Curiam:

This is an appeal from an order denying post-trial motions for judgment as a matter of law and for a new trial. In this diversity breach of contract action, the jury found (1) that there was a contract between Harcourt and Fetterolf but (2) that Harcourt did not breach the contract by refusing to pay two years of salary to Fetterolf after he left. In denying Fetterolf's motion for judgment as a matter of law, the District Court concluded that the trial record adequately supported these findings. The Court also rejected Fetterolf's argument that a new trial was warranted due to an allegedly misleading jury instruction, stating that Fetterolf's "speculation that he could have been prejudiced in some way" was insufficient to merit a new trial. For essentially the reasons given by the District Court, we affirm.

1. Judgment as a matter of law should be granted only if the record, viewed in the light most favorable to the verdict, is critically deficient of the minimum quantum of evidence from which the jury might reasonably afford relief. Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993); Keith v. Truck Stops Corp. of America, 909 F.2d 743, 745 (3d Cir. 1990); Dawson v. Chrysler Corp., 630 F.2d 950, 959 (3d Cir. 1980). We exercise plenary review over the denial of a motion for judgment as a matter of law. Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 249 (3d Cir. 2001).

In this case, there was evidence that Fetterolf negotiated his severance package with Harcourt as a way of insuring against the harm that he might incur if his prospective boss,

Tyson, were suddenly to leave Harcourt. The record shows that Tyson left Harcourt in November 1995, but that Fetterolf did not leave Harcourt until August 1996. The record also shows that Fetterolf enjoyed working under Tyson's successor, Ted Bucholz and that when Fetterolf finally did resign from Harcourt, it was in order to take a better paid position under his friend and former mentor, Tyson, at another company. Finally, Fetterolf did not file his claim for severance pay until February of 2001, over four years after he had resigned from Harcourt.

Viewing the record in the light most favorable to Harcourt, we conclude that the jury could have reasonably inferred that the severance clause in the Fetterolf's 1993 employment contract was included in order to shield Fetterolf from any adverse effects that might occur as a result of Tyson's departure from Harcourt and that Fetterolf was obligated to depart within a reasonable time period after Tyson, in order to receive severance pay under the contract. The record further supports the inference that Fetterolf did not leave Harcourt within a reasonable time as a result of Tyson's departure, since Fetterolf worked at Harcourt under Tyson's successor, Bucholz, for 9 months after Tyson left. It is also reasonable to infer that Tyson's leaving Harcourt did not adversely effect Fetterolf's employment, since Fetterolf testified that he enjoyed working for Bucholz. Moreover, it is reasonable to infer that when Fetterolf finally did leave Harcourt, it was not as a result of the harm that he had suffered as a result of Tyson's departure, but that Fetterolf left to take a more lucrative position under his former mentor, Tyson, at UOL. The inference that Fetterolf was not prejudiced by Tyson's departure from Harcourt in November of 1995 receives additional support from the fact that Fetterolf did not file a claim for breach of contract until five years

3

after Tyson left Harcourt and four years after his own departure from Harcourt.

In sum, there was evidence from which the jury could properly have found that Fetterolf was not prejudiced by Tyson's departure, did not leave within a reasonable time thereafter, and so was not entitled to receive two years' severance pay from Harcourt.

2.  We exercise plenary review with respect to "the legal standard enunciated in a jury instruction," but our "review of the wording of the instruction, *i.e.,* the expression, is for abuse of discretion." United States v. Yeaman, 194 F.3d 442, 452 (3d Cir. 1999).  Id.  "This Court reviews jury instructions to determine whether, 'taken as a whole, they properly apprized the jury of the issues and the applicable law.'" Id. (quoting Dressler v. Busch Entertainment Corp., 143 F.3d 778, 780 (3d Cir. 1998)).

Fetterolf does not allege that the District Court misstated the law.  He argues, instead, that the judge's use of an analogy to a snow removal contract led the jury to conclude that a reasonable time is the same as a short time.  Reply Brief at 5.  We disagree.  The judge used the snow removal example to explain that what is meant by a reasonable time depends on the circumstances.  The judge nowhere said that reasonable means short or that what is reasonable for a snow removal contract would be reasonable in the case of Fetterolf's employment contract.  The judge emphasized that reasonableness varies with the context. Accordingly, the jury instructions "taken as a whole . . . properly apprized the jury of the issues and the applicable law." Yeaman, 194 F.3d at 452 (3d Cir. 1999).

We have considered all of Fetterolf's arguments but find no ground for reversal. Accordingly, the order of the District Court is affirmed.