

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2004

# Luben v. Atl Cty Showboat Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Luben v. Atl Cty Showboat Inc" (2004). *2004 Decisions.* Paper 1088.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1088

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1368

SANDRA LUBEN

v.

ATLANTIC CITY SHOWBOAT, INC.,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-00060
District Judge:  The Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2003

Before: RENDELL, BARRY, and CHERTOFF, <u>Circuit Judges</u>

(Opinion Filed: January 14, 2004)

OPINION

BARRY, <u>Circuit Judge</u>

Plaintiff Sandra Luben, a New York resident, visited the Showboat Casino

("Showboat") in Atlantic City, New Jersey on the afternoon of January 21, 2000.  During

her visit, Ms. Luben slipped, fell, and broke her ankle.  She filed suit in the U.S. District Court for the District of New Jersey seeking damages based on a theory of negligence.  The District Court had diversity jurisdiction under 28 U.S.C. § 1332.  Jurisdiction in this Court is proper under 28 U.S.C. § 1291.  The District Court upheld the jury's finding of negligence on the part of Showboat, and we will affirm.

## I.  BACKGROUND

At trial, Ms. Luben testified to the following: It had been snowing in the days preceding her visit to Atlantic City.  On the day of her visit it was very cold, and snow had accumulated on the ground.  She drove herself to the casino from New York, and used the valet parking service at the hotel.  Parking attendants were on duty and the valet area was filled with snow.  No one was clearing or shoveling the snow from the valet area.  There were no signs warning of slippery surfaces in the valet area or at the entrance to the casino.  Ms. Luben retrieved her luggage from her trunk, and in so doing walked through some snow.  She then entered the casino, walking through two sets of doors.  There were no weather mats placed before either set of doors, though an inlaid strip of permanent carpeting ran through the vestibule between the sets of doors.  She proceeded through the vestibule and through the second set of doors.  Upon her first step through the second set of doors and onto a hard, smooth, marble floor, she slipped and fell to the ground in agony with a broken ankle.

2

Showboat did not take issue with anything Ms. Luben had said. Rather, it asserted that she had not presented facts sufficient to support a finding of negligence. It emphasized two aspects of her testimony: first, the fact that she could not recall whether she had wiped her feet and, second, the fact that she did not know what caused her fall. Showboat reasoned that in the absence of any proof that there was snow or water on Ms. Luben's shoes or on the floor of the casino, insufficient proof of causation existed to support a finding of negligence. Based on this, Showboat elected not to call any witnesses or submit any evidence, and instead moved for judgment as a matter of law. The District Court denied the motion, and submitted the case to the jury. The jury returned a verdict for Ms. Luben, and Showboat moved to set aside the verdict. The District Court denied that motion. Showboat timely appealed, and renews its argument that a finding of negligence is untenable given Ms. Luben's testimony.

## II. DISCUSSION

We exercise plenary review over the District Court's decision to deny Showboat's Federal Rule of Civil Procedure Rule 50 motions for judgment as a matter of law. *Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655, 664-65 (3d Cir. 2002). "In reviewing the grant of a judgment as a matter of law under Fed. R. Civ. P. 50 following a jury verdict, we must view the evidence in the light most favorable to the non-moving party, and determine whether the record contains the 'minimum quantum of evidence

3

from which a jury might reasonably afford relief.'" *Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 299 (3d Cir. 2002) (citations omitted).

"In negligence cases under New Jersey law, a plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries." *Keith v. Truck Stops Corp.*, 909 F.2d 743, 745 (3d Cir. 1990) (citing *Brown v. Racquet Club of Bricktown*, 95 N.J. 280, 471 A.2d 25, 29 (1984)). As a business invitee, Ms. Luben was owed by Showboat a "reasonably safe place to do that which is within the scope of the invitation.'" *Id.* (quoting *Butler v. Acme Mkts., Inc.*, 89 N.J. 270, 275, 445 A.2d 1141, 1143 (1982)).

Showboat contends that the evidence was insufficient to support a finding of negligence. And Showboat is correct, in so far as no *direct* evidence was presented to the jury – no direct evidence that the floor was wet, that snow had been tracked onto the floor, or that Ms. Luben's slip and fall was caused by water or snow on the floor.

But there is no rule of law or legal authority to which Showboat points or that we can locate which requires causation to be proved by direct evidence. Circumstantial evidence will suffice. In *Keith*, for example, the plaintiff fell and was injured as a result of a stairway that became dislodged in an auto-repair shop. Despite the absence of direct proof of causation, we affirmed, explaining:

> There is no direct evidence as to how the stairway became dislodged. However, there was circumstantial evidence from which a jury could reasonably conclude that defendant was negligent in failing to maintain its premises in a reasonably safe condition for a business invitee. Thus, the jury

4

could have inferred that the heavy steel stairway was not properly secured at the time and collapsed under plaintiff at a position where he was permitted to be. We, therefore, conclude that the district court correctly denied defendant's motion for a directed verdict and defendant's motion for judgment notwithstanding the verdict.

*Keith*, 909 F.2d at 745.

It is a given, however, that regardless of the type of evidence relied upon–whether direct or circumstantial–a finding of causation cannot rely on pure speculation.

According to the Restatement (Second) of Torts, a plaintiff

must make it appear that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the harm. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

Restatement (Second) of Torts § 433B cmt. on subsection (1).

The evidence shows that 1) Ms. Luben sustained a broken ankle from slipping on the marble floor in the Showboat Casino; 2) there was ice and snow on the ground outside of the casino where Ms. Luben had just walked; and 3) there were no weather mats, warning signs, or personnel placed at the doors of the casino.

Based on this evidence, it was certainly reasonable for the jury to conclude that 1) the casino should have been aware that during inclement weather, a marble floor in a high traffic entrance is likely to become wet and slippery; 2) it is reasonably foreseeable that a person would or could slip on wet marble; 3) the casino owed business invitees a duty to provide weather mats, warnings, or at least some type of precautionary measure to ensure

5

safety; and, most importantly for this appeal, 4) a person who slips and falls immediately after walking through snow and ice onto a marble floor, likely slipped and fell as a result of water on the marble floor.

The inferences drawn by the jury based on the evidence Ms. Luben presented do not sound in conjecture or speculation, but in common sense. The judgment of the District Court will be affirmed.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/ Maryanne Trump Barry
Circuit Judge