Angel G. MERCADO–VEGA, his wife Edwina Del-Valle-Santana, and their conjugal partnership, Plaintiffs,

v.

Arsenio MARTINEZ, as Executive Director of the Sugar Corporation, and in his personal capacity; his wife Mrs. Marta Arias and their conjugal partnership; Francisco R. Silvestris, as Administrator of Mercedita Sugar Factory, and in his personal capacity; his wife Mrs. Georgina Alvarez, and their conjugal partnership, Defendants.

Civ. No. 86–0163(RLA).

United States District Court,
D. Puerto Rico.

Sept. 22, 1986.

---

Frank Rodríguez García, Ponce, P.R., for plaintiffs.

Encarnita Catalán Marchán, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

Before the Court is defendants' motion to dismiss certain section 1983 claims [1] against the above-named defendant-spouses and their respective conjugal partnerships. An opposition to said motion as well as a reply to the opposition have been properly filed.[2]

Defendants move this Court to dismiss the instant action against codefendants Marta Arias and Georgina Alvarez and the conjugal partnerships formed with their respective husbands (hereinafter collectively referred to as "Codefendants") on the basis that Codefendants did not actually cause plaintiff's alleged constitutional deprivation. Rather, argue defendants, it is only the husbands, as the former employers of plaintiff, who must properly defend this action and not the wives who are being sued solely because of their marital status to defendants.

Plaintiff concedes that Codefendants had nothing to do with his allegedly unconstitutional job removal. He nonetheless argues that Puerto Rico law [3] makes a wife "an indispensable party in a suit against the husband which can result in the execution of a judgment against the joint partnership."[4] We agree. The Court has in prior section 1983 cases stated that the only purpose for making the conjugal partnership ("sociedad de gananciales") a party is to ensure that any final judgment is properly divided under the laws of Puerto Rico between those damages which belong to one spouse personally, such as mental suffering, and those which belong to the conjugal partnership, such as loss of income. *See Guillermo Rosario-Nevarez v. Jaime Torres-Gaztambide*, 633 F.Supp. 287 (Laffitte, J.) (D.C.P.R., 1986 (citing, *inter alia*, *Robles-Ostolaza v. U.P.R.*, 96 D.P.R. 570 (1968)).

### *Plaintiff-Spouses v. Defendant-Spouses*

Defendants attempt to skew the above authority in their favor by analogizing this District's common dismissal of plaintiff-

---

1. 42 U.S.C. section 1983. The complaint is one of patronage dismissal allegedly motivated by party politics in violation of plaintiff's civil rights. Plaintiff, who worked for the State Sugar Corporation of Puerto Rico, seeks reinstatement, damages, costs and attorney's fees. Note: this order refers only to plaintiff Mercado-Vega. The standing of plaintiff's wife and conjugal partnership will not be commented upon at this stage of the proceedings.

2. *See* plaintiff's opposition to motion to dismiss (filed June 23, 1986, docket number 9) and defendants' reply (filed July 29, 1986, docket number 13).

3. Federal Rule of Civil Procedure 17(b) makes Puerto Rico law applicable to the instant issue. Moreover, Puerto Rico law would govern the execution of any potential judgment in this case.

*See* F.R.Civ.P. Rule 69(a). For specific examples of local authority on conjugal partnerships, *see* Article 91 of the Civil Code, 31 L.P.R.A. section 284, as amended by law number 51 of May 21, 1976; and Article 1301, 31 L.P.R.A. section 3641. *See also Aguilú v. Sociedad de Gananciales*, 106 D.P.R. 652 (1977). Generally, in Puerto Rico, a husband and wife form a partnership which becomes a separate legal entity. Each spouse is considered a co-administrator of the partnership. Both are liable for the obligations, even those arising out of tortious actions, and debts solely incurred by one spouse which nonetheless economically benefitted the partnership. *See Lugo-Montalvo v. González-Mañón*, 104 D.P.R. 372 (1975); *WRC Properties, Inc. v. Heriberto Santana, et al*, 85 J.T.S. 12 (1985).

4. Plaintiffs' motion, page 6 (docket no. 9).

spouses in section 1983 cases,[5] for lack of standing,[6] to their spouses which they claim are similarly not real parties in interest. Defendants' analogy fails, however, to account for the significant difference between the spouse of a plaintiff who "waits in the wings"[7] for potential remedies to accrue to the partnership, and that of a defendant, who faces a potential raid of the community property should a judgment be executed against it. Moreover, as stated in footnote 16 of *Rosario-Nevárez, supra,* "the wives of defendants ... and the conjugal partnerships between them are necessary party defendants to assure proper execution of the judgment and to provide said wives/with an opportunity/to defend their rights in the community property."[8] Thus important concerns of notice and due process also serve to distinguish the differences in standing between spouses of plaintiffs as opposed to those of defendants.

There are also some practical differences between the two classifications. For a plaintiff-spouse, the fact that a conjugal partnership lacks standing does not interfere with any remedies accruing under Puerto Rico law. For example, under Article 1301 of the Civil Code, 31 L.P.R.A. section 3641, wages and salaries received by either spouse during the marriage is community property. Thus an award of back pay, or of lost profits substituting salary derived from work, *automatically* becomes community property. *See Franco*

*v. Mayagüez Building, Inc.,* 108 D.P.R. 192, 195 (1978) (per curiam); *but cf. Robles-Ostolaza, supra* (tort damages are personal property).

For a defendant-spouse, however, a denial of standing to the conjugal partnership, would also deny his or her right to receive notice of the action and to participate in its defense. This is especially important given that a wife's defense strategy may well be incompatible with the defense plan of her husband particularly regarding the proper division of damages. In addition, when a spouse, as co-administrator of the partnership, is made a party, he or she will not be able to claim lack of knowledge of the action and thus lack of responsibility in satisfying the judgment.

### The Applicable Article of the Puerto Rico Civil Code

■ In an attempt to minimize the above analysis, defendants argue that this case does not deal with a debt or obligation incurred by the conjugal partnership under Article 1308 of the Civil Code, 31 L.P.R.A. section 3661,[9] but rather with Article 1310, 31 L.P.R.A. section 3663. In its relevant part,[10] Article 1310 provides for the execution of a judgment against the partnership property when there are pre-marriage debts or personal pecuniary penalties of either one of the spouses and that spouse has insufficient capital to satisfy the judgment. "Pecuniary penalties" may include, depending on the circumstances, cases of

**5.** *See, e.g., Rodríguez-Hernández v. Almodóvar,* 631 F.Supp. 960 (D.C.P.R.1986); and *Hernández-Cordero v. José L. Riefkohl,* Civil No. 85–2372 (JAF) (D.C.P.R.1986).

**6.** In *Rodríguez-Hernández, supra,* this court held that plaintiff-spouses lack standing essentially because they are third-parties trying to recover damages for the deprivation of another person's civil rights. *See O'Malley v. Brierley,* 477 F.2d 785, 789 (3rd. Cir.1973); *see also Anaya-Serbia v. Lausell,* 646 F.Supp. 1236, 1244 (Pérez-Jiménez, J.) (D.C.P.R.1986)

**7.** Rodríguez-Hernández, supra, *at 961.*

**8.** The Court cited local authority for this proposition, including, *Pauneto-Rivera v. Núñez-Borges,* 84 J.T.S. 62 (1984); *Asociación de Propietarios v. Santa Bárbara,* 112 D.P.R. 33 (1982); and

*Sepúlveda v. Maldonado-Febo,* 108 D.P.R. 530 (1979).

**9.** "Chargeable to the community property shall be:

　1. all debts and obligations contracted during the marriage by either of the spouses."

**10.** The payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the partnership.... However, the payment of debts contracted by the husband or by the wife, prior to marriage, and that of *fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses, mentioned in section 3661 of this title, if the debtor spouse should have no private capital,* or were it insufficient.... (Emphasis added.)

liability for extracontractual or tortious fault such as is being claimed here. *Lugo-Montalvo, supra.* Defendants thus argue that application of Article 1310 rather than Article 1308 would permit plaintiff herein to collect a judgment against defendants' community property if the husband's personal assets prove insufficient whether or not the partnership is made a party. This is a specious argument for several reasons.

First, defendants fail to articulate a single fact that would make Article 1310 correspond to this case, let alone control it. A factual analysis is crucial to the determination of whether Article 1310 can be applied. *Lugo-Montalvo, supra,* at 375.

Second, even if Article 1310 were controlling it would not affect the status of codefendants as necessary parties in this case. Not only does *Lugo-Montalvo, supra,* on which defendants rely entirely, make this clear, but Article 1310 itself has an explicit reference to Article 1308 thus requiring that both Articles be read *in pari materia.* Furthermore, Article 1308 can never be read without reference to Article 1310, whereas the opposite is not true.

In *Lugo-Montalvo,* a medical malpractice case, the Supreme Court of Puerto Rico reversed the trial court's dismissal of the conjugal partnership of the doctor-defendant and his wife. The trial court had incorrectly found that Article 1310 mandated dismissal of the conjugal partnership. The Supreme Court concluded, with the now well-known judicial gloss on the conjugal-partnership statute, that if the partnership benefitted from the defendant's actions and these actions led to the complaint, then the conjugal partnership becomes a necessary party. In that vein, albeit in a case related to Puerto Rico's rules of civil procedure, the Puerto Rico Supreme Court in *Alicea-Alvarez v. Valle-Bello, Inc.*[11] reiterated, on due process grounds, the need to include both spouses and the conjugal partnership in actions where the patrimony of the "sociedad de gananciales" might be affected.[12] The Supreme Court even required that each spouse receive a separate summons.

Lastly, defendants seem to argue that Article 1308 is not applicable to this case because there is not the statutorily required "obligation." But the "obligations" language[13] of Article 1308 has been interpreted by this court to include obligations arising from tortious actions. *See Frito-Lay of Puerto Rico, Inc. v. Cañas,* 92 F.R.D. 384, 397 (D.C.P.R.1981). Here we are dealing with a constitutional tort, therefore Article 1308 is applicable.

Given the above three reasons, it is clear that Article 1310 does not by itself control the instant action. When Article 1310 is read in conjunction with Article 1308 and with the relevant Puerto Rico Supreme Court interpretations, it is apparent that the conjugal partnerships of defendants are proper and even necessary parties.

### The Conjugal Partnership is a Section 1983 "Person"

■ Finally, we now briefly deal with defendants' argument that Codefendants are not "person(s)" for purposes of section 1983.[14] It is now well known that "person" is broadly construed to include corporations, cities and even states which consent to be sued.[15] However, this court has stat-

---

**11.** 111 D.P.R. 847 (1982) (landlord-tenant dispute); *see also Pauneto-Rivera, supra,* at 3660.

**12.** *Id.* at 854. The Puerto Rico Supreme Court stated:

Es necesario incluir ambos cónyuges como partes y servirles emplazamientos individuales en acciones que afectan el patrimonio de la sociedad de gananciales obviando el riesgo de nulidad, ante la posibilidad de que la defensa del interés social por uno solo no se ejercite con la debida eficiencia, o la existencia de la incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad.

**13.** *See* note 8, *supra.*

**14.** 42 U.S.C. section 1983 states: *"Every person who, under color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured...."* (Emphasis added.)

**15.** *See generally, Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (cities, "persons" for purpose of section 1983); *Quern v. Jordan* (states may not be sued under section 1983) *but cf. Marrapese v. Rhode*

ed that: "in the context of section 1983, the legal capacity of a conjugal partnership presents a novel question of federal law." [16] Yet the remedial nature of section 1983 and the peculiar legal personality of a conjugal partnership in Puerto Rico,[17] a *sui generis* entity having the capacity to sue and be sued, is sufficient for us to determine that a "sociedad de gananciales" is a "person" for purposes of section 1983.[18]

In conclusion, defendants' motion to dismiss the instant action against Codefendants cannot legally or practically be supported. Puerto Rico law requires that codefendant-wives, as administrators of the conjugal partnership in equal standing with their husbands, be made necessary parties to any action which might detrimentally affect their interest in the community property.

Accordingly, defendants' motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

*Island,* 500 F.Supp. 1207 (D.R.I.1981) (states are "persons" potentially liable for constitutional deprivations but a state must consent to imposition of such liability).

**16.** *Rodríguez-Hernández, supra* at 961.

**17.** *See Pauneto-Rivera, supra* at 3861.

**18.** *See generally Carrasco v. Secretary of Health, Education and Welfare,* 628 F.2d 624, 630 (1st Cir.1980) where the First Circuit intimated that a "sociedad de gananciales" may be a partnership for purposes of the Social Security Act, 42 U.S.C. section 411(a)(5)(A), as amended.