UNITED STATES of America,
Plaintiff, Appellee,

v.

Elvin BERENGUER,
Defendant, Appellant.

No. 86–2051.

United States Court of Appeals,
First Circuit.

Argued May 8, 1987.

Decided June 11, 1987.

Jose M. Munoz Silva, Mayaguez, P.R., for appellant.

Fidel A. Sevillano Del Rio with whom Daniel F. Lopez Romo, U.S. Atty., and Miguel A. Fernandez, Asst. U.S. Atty., Hato Rey, P.R., were on brief, for appellee.

Before BREYER and TORRUELLA, Circuit Judges, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

The United States District Court, District of Puerto Rico, C.C. Cerezo, J., entered a default judgment against defendant/appellant Elvin Berenguer in an action brought by the United States for alleged violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1311(a), 1319(d), 1344, and 1362(5), (6), (7) and (12) (1982). One year and one week later, Berenguer filed a motion under Fed.R.Civ.P. 60(b)(1), (4) and (6) seeking relief from the default judgment. The district court denied the motion on the grounds that it was not timely filed, that no sufficient excuse was presented to justify the delay in filing, and that the default judgment was valid.[1] We affirm.

## I.

On April 12, 1985, the United States filed a complaint against Berenguer in the United States District Court alleging that he illegally placed fill material on the surface of mangrove wetlands located adjacent to the Joyuda Lagoon, Joyuda Ward, Cabo Rojo, Puerto Rico. The United States claimed that the illegal fill destroyed an ecologically sensitive red, black and white mangrove strand, and caused an adverse runoff into surrounding areas. The United States requested the district court to compel Berenguer to remove the fill and to restore the wetlands, as well as to enjoin permanently any further filling or construction activities on the wetlands.

Berenguer, a resident of Puerto Rico, was served by mail with a copy of the summons and of the complaint on April 16, 1985. The notice and acknowledgment of service by mail was signed and returned by Berenguer on April 23, 1985. Berenguer never answered the complaint. On July 9, 1985, the United States filed a motion for entry of a default against Berenguer and a motion for judgment by default. A judgment by default was entered by the court on August 21, 1985. More than one year later, on August 29, 1986, Berenguer filed a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(1), (4) and (6).

## II.

A Rule 60(b)[2] motion is addressed to the sound discretion of the district court. *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2872, at 157. Accordingly, this Court's inquiry on appeal is limited to a determination of whether the district court's denial of Berenguer's motion was so unwarranted as to constitute an abuse of its discretion. *Lepore,* 792 F.2d at 274; *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir. 1976); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2872, at 261.

The district court ruled that Berenguer did not file under Rule 60(b)(1) within the one-year time limit and therefore did not comment on the merits of his specific

---

* Of the District of Massachusetts, sitting by designation.

1. The District Court's unpublished Order was entered on August 21, 1985 in the matter of *United States of America v. Elvin Berenguer,* Civil No. 85–0811CC, United States District Court, District of Puerto Rico.

2. The relevant sections of Rule 60(b) provide the court with authority to "relieve a party of his legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

arguments.[3] The one-year time limit imposed on motions brought under subsection (1) of Rule 60(b) is considered an absolute bar to motions filed after that period. *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985); *United States v. Marin*, 720 F.2d 229, 231 (1st Cir.1983); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2866, at 227, 233. Since it is undisputed that the motion was not timely filed, the district court's ruling does not amount to an abuse of discretion and thus need not be disturbed.

■ The district court further ruled that as to his claims under subsection (6) of Rule 60(b), Berenguer failed to present a valid excuse for delaying more than one year before requesting relief from the judgment. While a motion filed under subsection (6) is not subject to the one-year time limit, it must be filed "within a reasonable time." Fed.R.Civ.P. 60(b). On appeal, this Court's determination of whether the motion was filed within a reasonable time requires a review of the specific circumstances of the case. *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.1983), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). We also note that the grant of relief under subsection (6) is reserved for extraordinary cases in which the unusual circumstances justify a party's delay. *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Chang*, 778 F.2d at 85; 11 Wright & Miller, Civil Practice and Procedure: Civil § 2864, at 211, 214–19.

Here, Berenguer was served with a summons and copy of the complaint on April 16, 1985; he therefore had notice that proceedings had been initiated against him. When the default judgment was entered on August 29, 1985, a copy of that judgment was served on Berenguer. Moreover, on December 17, 1985, nearly four months after entry of the default judgment, the plaintiff/appellee United States deposed Berenguer for the purpose of ascertaining his assets and income available to satisfy the judgment. Berenguer offered to the court no reason to explain why he waited an additional eight months, until August 29, 1986, to file his motion under Fed.R. Civ.P. 60(b)(6).

■ The district court was not persuaded that the circumstances of this case were sufficiently extraordinary to justify granting Berenguer's motion. On appeal, Berenguer offers no further explanation for his delay other than to rely on his argument that the judgment is void and accordingly there is no time limit for filing a motion under Rule 60(b). While it is true that a court may at any time set aside a judgment as void under subsection (4) of Rule 60(b), such is not the case under subsection (6). Absent compelling reasons, parties may not employ subsection (6) to expand their time for taking appropriate action, or to avail themselves of an additional, broad purpose for requesting relief from judgment. *Klapprott*, 335 U.S. at 613, 69 S.Ct. at 389; *Chang*, 778 F.2d at 85. The district court's denial of the motion as to Fed.R.Civ.P. 60(b)(6) was proper and thus not an abuse of discretion.

Berenguer's final argument on appeal is that the district court erred in denying his motion under Fed.R.Civ.P. 60(b)(4). Berenguer contends the default judgment entered against him is void for lack of personal jurisdiction over the parties affected by the judgment. According to Berenguer, the district court's order affects property he owns in common with his wife and since neither his wife, nor their conjugal partnership, were parties to the suit, the court lacks jurisdiction to enter a judgment that will diminish the value of the community property.

■ To support this argument, Berenguer relies primarily on *Mercado-Vega v. Martinez*, 666 F.Supp. 3 (1986), wherein the court ruled that the laws of Puerto

---

3. Fed.R.Civ.P. 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year

**22**

Rico[4] make a wife "an indispensable party in a suit against the husband which can result in the execution of a judgment against the joint partnership." In *Mercado-Vega*, the district court refused to dismiss § 1983 claims brought against the spouses of employers who allegedly violated the plaintiff-employee's civil rights. *Id.* The question was thus whether the § 1983 claims could be brought against the spouses and the conjugal partnerships, as well as the employers. The court answered in the affirmative. The question presented here, however, is a different one. Here, the question is whether an otherwise valid default judgment entered against Berenguer is rendered void due to the failure of the United States to join Berenguer's wife and the conjugal partnership. It is not.

■■■■ In contrast to a void judgment, which is from its inception a legal nullity, *Lubben v. Selective Service System Local Board Number 27*, 453 F.2d 645, 649 (1st Cir.1972), a valid judgment is entered when a court has jurisdiction over the subject matter of the suit and over the parties. *Stoll v. Gottlieb*, 305 U.S. 165, 171–72, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938). In the interests of finality, the concept of void judgments is narrowly construed, 7 Moore's Federal Practice ¶ 60.25[2], and where as here, the defendant was duly summoned and served, and where it is clear that the court properly exercised jurisdiction over the subject matter under 28 U.S.C. § 1345 (1982) and 33 U.S.C. § 1319(c) (1982), then the judgment is valid. Moreover, nothing in the court's order prevents non-parties to this action from asserting their rights in a separate suit. The district court's order is thus not void and therefore the denial of Berenguer's motion under Fed.R.Civ.P. 60(b)(4) was proper.

Affirmed.

after the judgment, order, or proceeding was entered or taken."

**4.** P.R.Laws Ann. tit. 31, § 284, *as amended,* May 21, 1976, No. 51, provides that both spouses are

administrators of the community property, and that such property "may not be alienated or encumbered, under penalty of nullity, except with the consent of both spouses."