**In re Souleman and Nexhmije MUSSA, Debtors.**

**Michael G. BERLAND, not individually but as Trustee, Plaintiff,**

**v.**

**Souleman MUSSA, Nexhmije Mussa, and James Mussa, Defendants.**

**Bankruptcy No. 95 B 16320.
Adversary No. 96 A 00189.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 20, 1998.

Richard G. Larsen, Myler Ruddy & McTavish, Aurora, IL, for Plaintiff.

Louis E. Neuendorf, Sandwich, IL, for Defendants.

Michael G. Berland, Chicago, IL, as Trustee.

### MEMORANDUM ON DEFENSE MOTIONS TO VACATE JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtors Souleman and Nexhmije Mussa filed voluntary bankruptcy proceedings under Chapter 7 of the Bankruptcy Code, Title 11 U.S.C. The Chapter 7 Trustee brought this action in Counts I and II to set aside transfers of property to defendants under 740 ILCS 160/1 *et seq.* and 11 U.S.C. § 544(b) for asserted fraudulent conveyance of property, and to deny discharge under 11 U.S.C. § 727(a)(2) for concealing property with the intent to hinder, delay, and defraud creditors.[1] Following trial and entry of Findings of Fact and Conclusions of Law 215 B.R. 158, (N.D.Ill.1997), Judgment was entered against Defendants Nexhmije Mussa and James Mussa. Defendant Souleman Mussa had earlier been dismissed as a party following his death. No personal representative appeared herein or was joined after he died.

---

1. Counts III and IV brought by the Trustee to deny discharge pursuant to 11 U.S.C. § 727(a)(4) and (a)(5) were dismissed.

Defendant Nexhmije Mussa filed two motions to vacate the Judgment entered against her on December 18, 1997, and docketed on December 19, 1997. James Mussa did not file any post-trial motions nor has he joined in this motion with Nexhmije.

The gist of Defendant's first motion filed on February 2, 1998, is that the judgment against Nexhmije must be vacated as Defendant Souleman Mussa died during the pendency of this action, no proper suggestion of death was ever filed, no substitution was ever made for Souleman, Souleman was an indispensable party to this Adversary, and therefore failure to substitute his representative for him voids the Judgment. Defendant's second motion, filed on February 17, 1998, adds an argument that, because no representative for Souleman was substituted, there was no jurisdiction to proceed in this Adversary action.

Defendant is mistaken on all points argued. As discussed below, neither Souleman nor his representative was a necessary party. Thus, pursuant to Fed.R.Civ.P. 21 (applicable through Fed.R.Bankr.P. 7021), Souleman could be dismissed from the action at any time even though the suggestion of his death by this counsel was only oral on the record, not by a filing. The Judgment is not void and the motions are denied.

### DISCUSSION

#### Rule 60(b)(4)

Defendant moves to vacate under Fed. R.Civ.P. 60(b)(4) (applicable herein pursuant to Fed.R.Bankr.P. 9024). Under Rule 60(b)(4), a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or one of the parties, or if it acted in a matter inconsistent with due process of law." *In re Crivello*, 134 F.3d 831, 838 (7th Cir.1998) (citations omitted). A judgment is also void where a court enters a decree "not within the powers granted to it by the law." *Id.* A judgment is not void simply because it is erroneous. *Id.* "Although ordinarily a [federal] judge has broad discretion in the application of Rule 60(b), this is not true with respect to motions brought under Rule 60(b)(4). Because void judgments are legal

nullities, courts have little leeway." *United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir.1995).

■ Generally, however, failure to join an indispensable party is not the type of jurisdictional defect that makes a judgment subject to vacation under Rule 60(b)(4). *Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1460, n. 18 (9th Cir. 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1247, 137 L.Ed.2d 328 (1997).

> In contrast to a void judgment, which is from its inception a legal nullity, a valid judgment is entered when a court has jurisdiction over the subject matter of the suit and over the parties. In the interests of finality, the concept of void judgments is narrowly construed, and where, as here, the defendant was duly summoned and served, and where it is clear that the court properly exercised jurisdiction over the subject matter under then the judgment is valid. Moreover, nothing in the court's order prevents non-parties to this action from asserting their rights in a separate suit.

*United States v. Berenguer*, 821 F.2d 19, 22 (1st Cir.1987) (default judgment entered against husband held not void even though plaintiff failed to join wife).

■ It should be noted that the time for Defendants Nexhmije and James Mussa to file an appeal from the Judgment entered against them has expired. Fed.R.Civ.P. 60(b) is not a substitute for appeal. If a Judgment is not void, Rule 60(b)(4) is not properly invoked to extend time for appeal that has already expired. *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.1980) (citations omitted).

**Souleman Mussa was not an indispensable party to this action, and thus his dismissal (or nonjoinder) does not render this judgment void.**

■ Assuming arguendo that Rule 60(b)(4) may in some circumstances be applied to vacate a judgment in a case of nonjoinder of an indispensable party, Souleman was not an

indispensable party to this action. Nexhmije argues without citation of supporting authority "that all parties interested in the controversy, or who may be affected by the judgment or decree rendered therein, should be made parties." First Motion to Vacate at page 3. However, Fed.R.Civ.P. 19(a)(2) (applicable through Fed.R.Bankr.P. 7019) provides for joinder of a party if

> the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If such a party cannot or is not joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).

Souleman was not an indispensable party. Disposition of issues resolved by the Judgment in the absence of Souleman or his estate representative would not have impeded his ability to protect any interest had he lived, nor did it impede his estate in any way after his death. Nor did the Judgment leave the other defendants subject to a significant risk of multiple obligations.

Souleman and his heirs upon his death had no interest to protect in the fraudulently transferred property. Souleman and Nexhmije held in joint tenancy the real estate in question and also the bank accounts from which the cashier's checks in issue were drawn. As a result, upon his death Nexhmije became the sole record owner of that property subject to this pending action. Souleman's children had no record interest in that property. Further, once Debtors filed in bankruptcy, a bankruptcy estate was created including all the interests in property of Debtors, including property the Trustee could recover through a fraudulent conveyance action. The property recovered became property of the bankruptcy estate of which the Trustee is the representative. Only after creditors are fully paid would any remaining property revert to Debtors or their estate if deceased. Only then would Souleman's heirs have any possible claim to the property. Thus, neither Souleman nor his unrepresented heirs after his death were indispensable parties who should necessarily have been joined in this action.

Moreover, the remaining parties to this suit were not prejudiced by nonjoinder of Souleman's estate after his death. Nexhmije and James were parties to the conveyances attacked by this suit. They signed the related documents and testified as to the reasons and circumstances surrounding the transfers. Nexhmije and her deceased husband knowingly transferred virtually all of their assets to their son James. She and James were not prejudiced by continuation of this case against them after Souleman's death, nor did they even raise any objection to continuation of the action in the absence of Souleman's estate representative after their counsel orally reported his death on the record.

Souleman's minor heirs were therefore not necessary parties to the action and did not need to be joined under Bankruptcy Rule 7019. Failure to join them would not have been grounds for dismissal, and certainly is not a basis to consider the Judgment void. Defendant's motion on that ground will therefore be denied.

### *Suggestion of Death, Substitution of Parties, and Nonjoinder under Rule 21*

It is true that Defendants' attorney Neuendorf, who filed the pending motions after entry of Judgment, did not follow prescribed procedures for filing a suggestion of death, nor did the Plaintiff Trustee. Fed. R.Civ.P. 25(a)(1) (applicable pursuant to Fed. R.Bankr.P. 7025) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon

persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

It has been held that a suggestion of death cannot always be filed by the attorney for the deceased as the death of the client severs any attorney-client relationship. *S & W X–Ray, Inc. v. Film Recovery Systems, Inc.*, 1987 WL 6626, *1 (N.D.Ill.1987) (citations omitted). However, an attorney who represents several defendants may file the suggestion of death. *Id.* Neuendorf was the attorney of record for both Debtors and all Defendants. As such, it would have been appropriate for him to file a formal suggestion of Souleman's death as attorney for the other Defendants.

Attorney Neuendorf mentioned the death informally on the record, but did not go through the required procedures for serving and filing a formal written suggestion of death. However, the only consequence for that which is suggested by Rule 25(a)(1) is that the 90 day period for joining a substituted party never started to run.

Still, regardless of the lack of formality of the suggestion of death, Souleman was properly dismissed from the action as a party following his death because he could have been dismissed or even not joined in the Court's resulting Judgment before his death. Pursuant to Fed.R.Civ.P. 21 (applicable herein pursuant to Fed.R.Bankr.P. 7021), "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Thus, Souleman, or any other party to the action who was not indispensable, could be dismissed from the action at any time by order of Court or upon motion by any party. As stated, Souleman was not an indispensable party to the action. Thus, dismissal of the deceased upon oral motion of the Trustee was both permitted and appropriate under the circumstances. Merely because the Trustee chose to dismiss a dispensable party from the action could not render the Judgment void.

### CONCLUSION

Defendants' motion to vacate the Judgment of December 18, 1997, on grounds that the Judgment is void for lack of jurisdiction is denied.