**Yanisse ADRIAN–SILVA, Plaintiff,**

v.

**MANLEY BERENSON MONTEHIE-DRA MANAGEMENT, et al., Defendants.**

**Civil. No. 03–1890(FAB).**

United States District Court, D. Puerto Rico.

Sept. 13, 2007.

Jose F. Quetglas, Quetglas Law Office, Manuel San–Juan–Demartino, Manuel San Juan Law Office, San Juan, PR, Cherie K. Durand, Paul H. Hulsey, Reynaldo Quinones–Souss, Hulsey Litigation Group, L.L.C., Charleston, SC, for Plaintiff.

Roberto Feliberti, Arturo Diaz–Angueira, Cancio, Nadal, Rivera & Diaz, Gustavo A. Gelpi, Raul M. Arias–Marxuach, Ileana M. Oliver–Falero, Sonia I. Torres–Pabon, McConnell Valdes, San Juan, PR, Jose H. Vivas, Vivas & Vivas, Ponce, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

█ Federal Rule of Civil Procedure 60(b)(6), provides that the Court may relieve a party from a final order for any reason justifying relief from the operation of the judgment. To prevail, the party seeking the relief must establish that there are extraordinary circumstances that warrant it. *United States v. Baus,* 834 F.2d 1114, 1123 (1st Cir.1987).

█ District courts enjoy considerable discretion in deciding motions brought under Rule 60(b). As such, the ruling of the trial court upon such motion will be set aside only upon a clear showing of abuse of discretion. *U.S. v. Berenguer,* 821 F.2d 19, 20 (1st Cir.1987); *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986); *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir.1976); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2872, at 157 and 261.

On May 9, 2007, this case was dismissed after the parties reached a settlement and filed a stipulation of dismissal. (Docket No. 379) The Court entered judgment dismissing the case.

█ On August 31, 2007, plaintiff moved to vacate the judgment and for a new trial. (Docket No. 382) Plaintiff requests that the Court vacate its judgment and reinstate the matter for trial "at the earliest available date". The gist of plaintiff's argument is that the defendants breached their obligations under the settlement agreement. Specifically, she claims that the defendants agreed to cooperate with her to "minimize any potential tax impact

of the settlement" and that they agreed the settlement would not have tax consequences if it was structured. Now, she further argues, defendants' position is that "they will only pay Plaintiff if she gets a letter from the Puerto Rico Treasury Department ("PRTD") stating that the amount is not subject to retention or which amount is subject to retention ...". *Id.,* p. 8. In addition, defendants insist that 100% of the settlement is taxable as *emotional* damages and wish not to work "in good faith toward the allocation of the settlement proceeds to *physical* damages" (Docket No. 382, p. 8, 9) (emphasis added) In her opinion, this situation constitutes an extraordinary circumstance under Rule 60(b)(6) for the court to set aside the judgment, because the "breach" by defendants results in a 20% reduction of plaintiff's anticipated recovery. (Docket No. 382, p. 5)

Defendants opposed plaintiff's request. (Docket No. 384) In essence, they claim that they have never refused to honor the settlement. They claim, however, that pursuant to the Puerto Rico Internal Revenue Code, it is the PRTD which determines the nature and tax treatment of any settlement payment. Consequently, they cannot make any payments without withholding the potential tax debt, unless there is an administrative determination from the PRTD of what part of the settlement constitutes taxable income subject to withholding.[1] In addition, they argue that any claims that plaintiff may have regarding whether to allocate the entire settlement to physical or emotional damages for tax purposes, should be also submitted to the PRTD. (Docket No. 384, p. 4) The Court agrees.

It is clear that the manner in which a settlement should be structured for tax purposes does not constitute an extraordinary circumstance, as required by Rule 60, which could cause the court to vacate the judgment. It is not for the Court to make a determination on the tax withholding requirement. Such a determination is within the exclusive jurisdiction of the PRTD. Accordingly, Plaintiff's Motion to Vacate Judgment and Set New Trial Date is **DENIED**. Plaintiff should proceed to initiate an administrative proceeding with the PRTD regarding the taxable nature of the settlement pursuant to PRTD's Administrative Determinations 07–01 and 05–02.

Defendants' Motion Submitting Correct Version (Docket No. 384) is hereby **GRANTED**. Docket No. 383 is **STRICKEN FROM THE RECORD.**

**IT IS SO ORDERED.**

---

**1.** Advisory Letter No. 99–01 (Procedure for the request and issuance of Rulings and Administrative Determination Letters) outlines a procedure by which any taxpayer who wishes to identify the nature of the indemnity payment can do so by requesting an administrative determination. Pursuant to Section II, Part A of the Advisory Letter No. 99–01 "the ruling will be issued only on prospective transactions [sic] **and** on completed transactions [sic]". (emphasis added)