NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DELMER M. ACKELS | ) | |
| | ) | Supreme Court No. S-15358 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-11-03100 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| KERWIN KRAUSE, DANIEL S. | ) | AND JUDGMENT[*] |
| SULLIVAN, STATE OF ALASKA, | ) | |
| DEPARTMENT OF NATURAL | ) | No. 1545 – July 1, 2015 |
| RESOURCES, and GOLDRICH | ) | |
| MINING COMPANY, formerly | ) | |
| LITTLE SQUAW GOLD MINING | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Delmer M. Ackels, pro se, Fairbanks, Appellant. John Hutchins, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellees Kerwin Krause, Daniel S. Sullivan, and State of Alaska, Department of Natural Resources. Gary A. Zipkin and Josh Van Gorkom, Guess & Rudd, P.C., Anchorage, for Appellee Goldrich Mining Company.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

---

[*]   Entered under Alaska Appellate Rule 214.

## I.    INTRODUCTION

Delmer Ackels filed amendments to four mining claims between 2003 and 2006. With one exception, the State of Alaska, Department of Natural Resources (DNR), failed to adjudicate the amendments until October 2008 when DNR was contacted by a competing claimant, Little Squaw Gold Mining Company.[1] DNR then determined that all four amendments were impermissible and rejected them. Ackels appealed to the superior court, asserting procedural errors and independent damages claims.

The superior court dismissed his appeal and damages claims, and Ackels again appeals. We affirm because res judicata bars the claims Ackels asserts against Little Squaw and Ackels's due process claims against DNR and its officials are moot.

## II.    FACTS & PROCEEDINGS

### A.    Facts

Delmer Ackels staked and recorded four mining claims (the Claims) in 2003. Ackels's[2] mining location notices stated that he had discovered and posted each Claim in July 2003, except for one Claim where the posting date was illegible. Ackels later filed amendments to these Claims, attempting to amend the illegible posting date and to change the locations of the other three Claims. He recorded the amendments between September 2003 and September 2006.

DNR reviews amendments to mining location notices to ensure the amendments comply with Alaska law, which prohibits amending mining claim notices

---

[1]    Little Squaw is now known as Goldrich Mining Company.

[2]    To avoid any confusion that may arise from the naming conventions we have used in other decisions regarding Delmer Ackels and Gail Ackels (his wife), we note that "Ackels," as used in this opinion, refers only to Delmer Ackels.

where the change "interferes with the rights of others."[3]  As part of this review process, a DNR employee searches DNR's records for conflicts.  If a conflict exists, DNR rejects the amendment and informs the recording party.

Of Ackels's four amendments, only one amendment was reviewed within several months of being recorded.  DNR waited two or more years to review the remaining amendments, and it only began to review the amendments after Richard Walters, Little Squaw's president, contacted Kerwin Krause, DNR's Mineral Property Manager, in late 2008 and asked Krause about the status of Ackels's amendments.

At the time Walters contacted Krause, there was an ongoing dispute between Ackels and Little Squaw.  In 2007, Little Squaw had sued Ackels, Gail Ackels (Ackels's wife and business partner), and Gold Dust Mines, Inc. (the Ackelses' corporation) in an attempt to quiet title to various mining claims that Little Squaw asserted it owned.[4]  Little Squaw contended, in part, that the Claims were adverse to mining claims Little Squaw had staked and that Little Squaw's claims were superior. Little Squaw also argued that a mining lease agreement it had with Ackels and Gold Dust Mines, Inc. required that any claims Ackels had staked during the life of the agreement, which extended through October 2003, should be held in constructive trust for Little Squaw.  Ackels asserted a counterclaim against Little Squaw based on an alleged oral agreement related to Ackels's performance of annual assessment work on the claims.

On October 29, 2008, approximately one month before trial was to start, Krause issued a decision concluding that all of Ackels's amendments were invalid

---

[3]  AS 38.05.200.

[4]  The lawsuit asserted a variety of other claims, but the quiet title claims are most relevant here.

because they conflicted with Little Squaw's pre-existing claims. Krause mailed the letter to Ackels and sent a copy to Little Squaw.

Little Squaw subsequently filed a motion asking Superior Court Judge Randy M. Olsen, who was presiding over the civil suit, to declare Little Squaw the holder of best title to five of the Little Squaw claims at issue in the litigation. Little Squaw argued that DNR's rejection of the amendments meant that the Claims would no longer conflict with Little Squaw's claims.[5] DNR's rejection did not, however, affect Little Squaw's argument regarding the constructive trust issue before Judge Olsen.

Ackels was apparently unaware that Krause had issued a decision until his attorney received Krause's letter as an attachment to Little Squaw's motion. Ackels opposed the motion, primarily asserting a lack of due process in front of DNR.

While the briefing on the motion was proceeding, Little Squaw contacted Krause and asked him to revise his initial decision to include additional Little Squaw claims with which the Claims conflicted. Ackels's attorney also wrote to Krause, complaining that Ackels had received no notice that DNR was adjudicating the amendments.

Krause issued a revised decision on November 11, 2008, rescinding the October 29 letter. Krause did not change his rulings, but did note additional pre-existing

---

[5]     The importance of the amendments to the litigation was that the original claims notices for three of the Claims allegedly did not conflict with Little Squaw's claims, clearing Little Squaw's title. Little Squaw believed that these three Claims only conflicted with Little Squaw's claims if the amendments were valid.

With respect to the fourth Claim, Ackels's original location notice had an illegible posting date. According to Little Squaw, if his amendment was invalid, the entire Claim would be invalid because a claim must be recorded within forty-five days of posting and the notice must include the posting date. *See* 11 Alaska Administrative Code (AAC) 86.215(a)(2) (2015).

claims with which the Claims, if amended, would conflict. Some of these were the claims Little Squaw had mentioned to Krause. Little Squaw informed Judge Olsen of the revised opinion in its reply brief.

Based in part on DNR's adjudication of the amendments, Judge Olsen ruled on directed verdict that Little Squaw was the owner of best title to the mining rights in the land covered by the allegedly conflicting claims. Judge Olsen indicated that Ackels would have to challenge Krause's decision through the administrative appeal process,[6] which he did.

At the end of the trial, however, and based on the jury's verdict and admissions Ackels had made at trial, Judge Olsen separately ruled that the lease between Little Squaw and Gold Dust Mines, Inc. required that any claims Ackels staked from the beginning of the lease until October 1, 2003, were staked on Little Squaw's behalf. Thus, Judge Olsen imposed a constructive trust for Little Squaw's benefit on the Claims because Ackels had staked them in July 2003. And the constructive trust extinguished Ackels's ownership interest in the Claims. Ackels appealed Judge Olsen's rulings to this court, and we affirmed his decision on all points relevant to the current appeal.[7]

Despite this change in circumstances, DNR continued to analyze Ackels's agency appeal, and DNR Commissioner Daniel Sullivan affirmed Krause's decision two years after Judge Olsen issued his ruling. Relevant to the issues on appeal here, the

---

[6]      *Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 163 (Alaska 2012). We commented in this earlier opinion that "Judge Olsen noted that Gold Dust has the right to appeal the DNR decision if it believed it to be erroneous. The record before us shows no such administrative appeal." *Id.* at 163 n.61. While it is obvious from this case that Ackels did appeal, our statement in the earlier opinion was necessarily based on the record in that matter, which did not disclose the existence of this appeal.

[7]      *See id.* at 170.

Commissioner found "no impropriety in Mr. Krause's procedure" and noted that "Krause's decision was based on the facts he cited in his November 11, 2008 decision and the applicable law." The Commissioner commented that "[i]t is not uncommon that these types of compliance matters are brought to the attention of the Mining Section by another miner." The Commissioner also explained that Krause's decision had not "void[ed] Mr. Ackels'[s] mining claims[,] but only invalidated his amendments to change the locations and the posting date." Ackels appealed the Commissioner's decision to the superior court and named Krause, Commissioner Sullivan,[8] and Little Squaw as parties to the appeal. Superior Court Judge Paul R. Lyle was assigned to the appeal.

## B. Proceedings

Ackels's appeal before Judge Lyle asserted that: (1) he was entitled to notice and an opportunity to be heard; (2) DNR erred in accepting ex parte communications; (3) DNR erred in holding that Krause's decision had not caused Ackels to lose his mining Claims; (4) DNR erred in ruling that the claim form's description controlled over the placement of actual stakes; and (5) Krause had violated 42 U.S.C. § 1983 by taking Ackels's Claims under color of state law without due process.

Little Squaw and DNR moved to dismiss the appeal shortly after we issued our decision generally affirming Judge Olsen's decisions; Ackels opposed both motions. Judge Lyle granted the motions after holding oral argument and permitting Ackels to submit supplemental briefing. Relevant to our consideration of Ackels's appeal, Judge Lyle held that (1) res judicata barred Ackels's unjust enrichment claims against Little Squaw based on the earlier lawsuit before Judge Olsen, and (2) Ackels's claims against

---

[8]     We refer to Krause, the Commissioner, and DNR collectively as "DNR" unless the context requires they be discussed individually.

DNR were moot and the public interest exception to the mootness doctrine should not apply.

Ackels[9] appeals, arguing that Judge Lyle erred in relying on the judgment Judge Olsen entered because of various alleged defects in how that judgment was rendered. Ackels also asserts that Judge Lyle erred in applying res judicata to bar his claims against Little Squaw and in determining that his claims are moot. Ackels asks that if we determine his claims are moot, we apply the public interest exception.

## III.  STANDARD OF REVIEW

We review collateral attacks on a judgment to determine if the judgment is void.[10]  Whether a judgment is void is a question of law that we review de novo.[11] Whether res judicata applies and whether an issue is moot present questions of law that we review de novo.[12]  We apply our independent judgment to these issues, "adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[13]

---

[9]    Ackels was represented by counsel before DNR and before Judge Lyle.  He is representing himself before this court.

[10]    *Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966) (citing RESTATEMENT (FIRST) OF JUDGMENTS § 11 cmt. b (1942)).

[11]    *Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013) (citing *Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 884 (Alaska 2013)).

[12]    *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005) (citing *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 776 (Alaska 2001)) (reviewing mootness de novo); *Tru-Line Metal Prods., Inc. v. U.S. Fabrication & Erection*, 52 P.3d 150, 153 (Alaska 2002) (citing *Renwick v. State, Bd. of Marine Pilots*, 971 P.2d 631, 633 (Alaska 1999)) (reviewing res judicata de novo).

[13]    *Childs v. Childs*, 310 P.3d 955, 958 (Alaska 2013) (quoting *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013)) (internal quotation mark omitted).

## IV.   DISCUSSION

This case primarily concerns the propriety of collateral attacks on a judgment and the doctrines of res judicata and mootness.  For the reasons discussed below, we hold that Ackels's collateral attacks on the judgment Judge Olsen issued are without merit, that res judicata bars Ackels's claims against Little Squaw, and that Ackels's claims against DNR are moot.  We also decline to apply the public interest exception to the mootness doctrine.

### A.   The Superior Court Did Not Err When It Held That Judge Olsen's Earlier Judgment Was Valid.

Much of Judge Lyle's decision rests on the validity of the judgment Judge Olsen issued regarding the constructive trust established for Little Squaw's benefit.  Ackels argues throughout his briefing that Judge Lyle erred in relying on Judge Olsen's rulings because of alleged defects in the proceedings before Judge Olsen.

Collateral attacks on a judgment are generally impermissible, but may succeed where the judgment attacked is void.[14]  "In the interests of finality, the concept of void judgments is narrowly construed."[15]  "A judgment is not void merely because it is erroneous."[16]

We note at the outset that Ackels appealed from Judge Olsen's final judgment, and we affirmed Judge Olsen's rulings on all points relevant to this appeal.[17]

---

[14]   *Holt*, 420 P.2d at 471 (citing RESTATEMENT (FIRST) OF JUDGMENTS § 11 cmt. b (1942)).

[15]   *Leisnoi, Inc.*, 307 P.3d at 891 (citing *United States v. Berenguer*, 821 F.2d 19, 22 (1st Cir. 1987)).

[16]   *Id.* (citing *DeNardo v. State*, 740 P.2d 453, 457 (Alaska 1987)).

[17]   *Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 170

(continued...)

Thus, Ackels has either previously failed to demonstrate that the rulings he challenges again here were erroneous or has waived his right to appeal those alleged errors because he did not include them in the earlier appeal.

The only argument that we need to address is Ackels's claim that Judge Olsen lost subject-matter jurisdiction because Ackels filed an administrative appeal regarding the amendments. A challenge to subject-matter jurisdiction can be raised at any time and may not be waived.[18] And a lack of subject-matter jurisdiction would render the judgment void.[19]

But Ackels's subject-matter jurisdiction argument is not persuasive. While it is true that filing an appeal with *this* court divests the superior court of jurisdiction over matters directly involved in the appeal, that rule is based on Alaska Rule of Appellate Procedure 203, which vests this court with supervisory authority upon the filing of a notice of appeal.[20] Ackels does not cite, and we have not found, any similar rule that divests the superior court of jurisdiction where, as here, a party files an administrative appeal in a related matter. Because Ackels's administrative appeal did not divest Judge Olsen of subject-matter jurisdiction and because our resolution of Ackels's earlier appeal bars his remaining challenges to Judge Olsen's judgment, we hold that it was appropriate for Judge Lyle to rely upon the judgment — and the rulings supporting that

---

[17]     (...continued)
(Alaska 2012).

[18]     *Robertson v. Riplett*, 194 P.3d 382, 386 (Alaska 2008).

[19]     *Heber v. Heber*, 330 P.3d 926, 930 (Alaska 2014).

[20]     *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 783 (Alaska 2009) ("When [the appellant] filed her notice of appeal, the trial court lost jurisdiction over the matter."), *abrogated on other grounds by Shaffer v. Bellows*, 260 P.3d 1064 (Alaska 2011).

judgment — that Judge Olsen entered in the civil litigation between Ackels and Little Squaw.

B.     Res Judicata Bars Ackels's Unjust Enrichment Claim Against Little Squaw.

Judge Lyle concluded that res judicata barred Ackels's unjust enrichment claim against Little Squaw because that claim could have been included in the litigation before Judge Olsen.  Res judicata "precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then."[21]  Res judicata applies where there is "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[22]

We take a practical approach in determining whether claims arise out of the same transaction or occurrence such that they could have been raised in the same action.[23]  We look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[24]

Ackels does not address the first two requirements for res judicata, but our review of the record indicates that they are satisfied.  The case before Judge Olsen

---

[21]     *Calhoun v. Greening*, 636 P.2d 69, 72 (Alaska 1981).

[22]     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (quoting *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010)) (internal quotation mark omitted).

[23]     *Id.* (quoting *Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 141 (Alaska 2004)).

[24]     *McElroy v. Kennedy*, 74 P.3d 903, 908 (Alaska 2003) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).

involved both Little Squaw and Ackels and resulted in a final judgment on the merits. The Superior Court of the State of Alaska was a competent court to issue that judgment.

The main dispute here is whether Ackels's unjust enrichment claim arises out of the same transaction or occurrence as the claims litigated before Judge Olsen. A common sense reading of the dispute in that matter indicates that it does. Ackels and Little Squaw disputed who owned the Claims. It was clear from Little Squaw's complaint that it was attempting to reach every claim Ackels had staked. Ackels should have anticipated the possibility that Little Squaw would prevail and that he would want to assert a claim for unjust enrichment against Little Squaw for his assessment work. Moreover, assessment work was one of the issues in the case, making an unjust enrichment claim easy to include in the litigation without needing substantial additional evidence.

The potentially complicating factor is Judge Olsen's pre-trial ruling that some of the claims were no longer a matter for trial. Ackels argues that if Judge Olsen precluded him from bringing his unjust enrichment claim with regard to the claims that were no longer a matter for trial, then res judicata does not apply.

Ackels is correct in principle. "Res judicata does not apply to issues raised in a previous case when the court expressly refused to determine those issues."[25] But Judge Olsen did not expressly refuse to determine whether Little Squaw had been unjustly enriched.

Judge Olsen's findings of fact and conclusions of law make clear that he did permit Ackels to assert claims for the value of assessment work.[26] The record from

---

[25] *Vertecs Corp. v. Reichhold Chems., Inc.*, 671 P.2d 1273, 1276 (Alaska 1983) (citing *Solarana v. Indus. Elecs., Inc.*, 428 P.2d 411, 416 (Haw. 1967)).

[26] Judge Olsen's findings of fact and conclusions of law specifically
(continued...)

Judge Olsen's case that appears in the record in this case indicates only that Judge Olsen precluded Ackels from introducing evidence regarding *ownership* of the Claims. Ackels apparently did not contend, and Judge Olsen did not preclude him from arguing, that Little Squaw had been unjustly enriched. Notably, whether Judge Olsen erroneously excluded evidence regarding unjust enrichment was not part of the Ackelses' earlier appeal before this court.[27]

On these facts, Judge Lyle did not err in applying res judicata because Judge Olsen did not expressly preclude Ackels's unjust enrichment claim. Therefore, res judicata bars Ackels's unjust enrichment claim against Little Squaw.

## C. Ackels's Procedural Due Process Claims Against DNR Are Moot.

Judge Lyle concluded that Ackels's procedural due process claims against DNR were moot because Ackels no longer owned the Claims. Judge Lyle noted that even if there were a due process violation, the most Ackels would be entitled to would be a new hearing before DNR. Assuming a new hearing were conducted and Ackels prevailed at the hearing, the Claims would be located as amended, but as Judge Lyle correctly explained, "[b]ecause [Ackels] does not own the [C]laims, amending the locations would provide no relief."

---

[26]    (...continued)
acknowledged that "the Ackels[es] asserted a counterclaim premised upon an alleged oral agreement with the then-president of [Little Squaw] relating to the performance of annual assessment work." But the jury rejected the Ackelses' argument that they had a separate oral agreement "with regard to the performance of assessment work by Ackels on behalf of [Little Squaw]" with Little Squaw.

[27]    *See Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 157-70 (Alaska 2012).

**1. Ackels would not be entitled to relief if he prevailed in this administrative appeal.**

This court generally does not review moot claims.[28] "A case is moot if the party bringing the action would not be entitled to any relief even if [he] prevail[s]."[29] And "a 'naked desire for vindication' does not save an otherwise dead controversy from mootness."[30] A party "must show either that concrete relief would be available to him if this court reversed the adjudication order or that the issue falls into one of the exceptions to the mootness doctrine."[31]

Ackels's administrative appeal challenged the propriety of DNR's adjudication process and its analysis of his claim amendments. Even assuming Ackels's arguments have merit, the most he could receive is a declaration that his claim amendments should have been accepted. But such declaration would provide Ackels no relief because he no longer owns the Claims given Judge Olsen's ruling that placed the Claims in a constructive trust for Little Squaw's benefit. As such, his appeal is moot.

---

[28]   *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (quoting *Gerstein v. Axtell*, 960 P.2d 599, 601 (Alaska 1998)).

[29]   *O'Callaghan v. State*, 920 P.2d 1387, 1388 (Alaska 1996) (quoting *Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1329 n.2 (Alaska 1995)) (internal quotation marks omitted).

[30]   *Peter A. v. State, Dep't of Health & Social Servs., Office of Children's Servs.*, 146 P.3d 991, 994 (Alaska 2006) (quoting 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533, at 212 (2d ed. 1984)).

[31]   *Id.*

**2.  Ackels has abandoned his claims for rent and assessment damages before this court and is precluded from seeking title to the Claims.**

Ackels asserts that his claims are not moot because he is seeking damages related to the alleged due process violation, but this argument is also unavailing. Ackels has not been consistent regarding the specific damages he seeks to recover in this suit. In his statement of points on appeal to the superior court, he indicated only that he wanted to hold Krause personally liable for taking his mining claims. He stated that the Claims "were valuable so losing them was legal harm/damage." He did not mention damages for the rents he paid or for assessment work.

In later superior court briefing and oral argument,[32] Ackels's counsel admitted that regardless of whether Ackels could have amended the Claims, the Claims belonged to Little Squaw. Judge Lyle challenged Ackels's counsel to explain what relief Ackels would obtain if the case was not dismissed. Ackels's counsel explained that Ackels's interest in the case was to be reimbursed for the rents he paid on the Claims and the assessment work he had done. He specifically disclaimed any interest in obtaining title to the Claims.

On appeal to this court, Ackels no longer requests compensation for rents or assessment work. He includes a long list of requested damages at the end of his opening brief, including the return of the Claims, but not the rents or the value of assessment work that his attorney had asserted.[33]

---

[32]     The briefing and oral argument followed this court's *Gold Dust Mines, Inc.* decision upholding Judge Olsen's ruling that Ackels lost the Claims by way of a constructive trust in Little Squaw's favor.

[33]     Ackels states:

For these reasons Mr. Ackels is respectfully asking for relief

(continued...)

Although we hold pro se litigants to less exacting standards than we do attorneys,[34] Ackels's request for damages abandons the rent and assessment-work damages he previously requested under any standard. Not only does he fail to mention them in his prayer for relief, but his request that we order that title to his mining Claims be returned to him is directly at odds with the return of rents and the value of the assessment work. If Ackels were the rightful owner, then he would have no right to have the rents returned or to be compensated for the assessment work.

Ackels has not demonstrated that he is entitled to any concrete relief that would save this case from being moot. He no longer owns, and cannot recover, the Claims, and he has abandoned his claim for rents and assessment work before this court. His claims against DNR are moot.

---

[33]    (...continued)
on monetary damages that would allow Mr. Ackels to be adequately compensated for his personal losses that had incurred to him over the last seven years of litigating, and for the loss of his gold mining operation without due process of law that should have been afforded to him. The return of all his heavy equipment, buildings and equipment shop, mining claims and any gold removed from them, and all miscellanies associated support equipment and supplies such as tools, fuel and storage tanks and miscellaneous that was taken that he owned, attorney fees rendered to date, and further monetary damages that the court may consider fair and just that would make Mr. Ackels whole again so he can finally have his constitution[al] rights restored.

[34]    *DeNardo v. Calista Corp.*, 111 P.3d 326, 330 (Alaska 2005) ("We have held that 'the pleadings of pro se litigants should be held to less stringent standards than those of lawyers.' " (quoting *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987))).

### 3. We decline to apply the public interest exception to the mootness doctrine.

We will sometimes hear a moot case if an exception to the mootness doctrine applies. The only relevant exception here is the public interest exception. We consider three factors when choosing whether to exercise our discretion and apply this exception:

> (1) [W]hether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine.[35]

Ackels asserted two different due process violations before Judge Lyle. First, Ackels asserted that DNR's ex parte contacts with Little Squaw violated his right to due process. Second, Ackels asserted that DNR's long delay between the submission of his claim amendments and DNR's adjudication was a denial of due process.[36]

We agree that the issues Ackels has identified are both important and capable of repetition. Indeed, we previously expressed our concern regarding the

---

[35] *Peter A.*, 146 P.3d at 996 (quoting *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1168 (Alaska 2002)).

[36] Ackels raised many other alleged violations in his briefing before this court, but these were the only two issues he raised before Judge Lyle. We do not consider arguments raised for the first time on appeal. *Hoffman Const. Co. v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 351 (Alaska 2001). We also note that Ackels focuses much of his public interest exception argument on why we should review *Judge Lyle's* decision under the public interest exception. But, the application of the public interest exception in this case requires a review of the underlying dispute — Ackels's allegations concerning DNR's proceedings — and not the superior court's actions. Thus, we do not address these arguments.

ex parte contacts between DNR and Little Squaw.[37]  But we do not believe that applying the mootness doctrine will cause the alleged procedural violations to repeatedly circumvent review due to the unique circumstances that ultimately caused Ackels to lose title to the Claims.  Therefore, we decline to apply the public interest exception to review Ackels's claims against DNR on the merits.

## V.   CONCLUSION

For the reasons stated above, we AFFIRM the superior court's dismissal of Ackels's administrative appeal and damages claims against Little Squaw and DNR.

---

[37]     *Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*, 299 P.3d 148, 162-63 (Alaska 2012).